320 So.2d 472 (1975)
Alex BERNSTEIN, Appellant,
v.
Evelyn DWORK, Appellee.
No. 75-129.
District Court of Appeal of Florida, Third District.
October 21, 1975.
Rehearing Denied November 3, 1975.
*473 Norman F. Solomon, Miami, for appellant.
Joseph Teichman, North Miami Beach, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
PER CURIAM.
Defendant appeals an adverse final judgment in an action to recover the outstanding balance due on two promissory notes of which he was the co-maker and accommodation endorser.
In 1972 Alex Bernstein, appellant herein, and Leo Dwork, husband of the appellee Evelyn Dwork, formed Ivy Investment Corporation, a real estate venture. On March 12 and June 7 Ivy Investment Corporation *474 issued two promissory notes in the aggregate sum of $35,300 to Evelyn Dwork. Alex Bernstein was co-maker and accommodation endorser of these notes. In the latter half of 1973, Bernstein and Leo Dwork mutually agreed to dissolve their business relationship. Thereupon, Bernstein conveyed his interest in all his Ivy stock to Leo Dwork and in exchange therefor Leo Dwork personally released Bernstein from any obligations or causes of action which may arise in connection with Ivy Investement Corporation. On October 19 Evelyn Dwork presented the notes for payment to Ivy Investment and Alex Bernstein. The notes having been dishonored, Evelyn Dwork, as holder and payee, filed the instant lawsuit against Bernstein and Ivy Investment Corporation to recover the balance due thereon plus interest and attorney's fees. Bernstein filed an answer denying the allegations of plaintiff's complaint and plead as one of his affirmative defenses, the release. Bernstein also filed a counterclaim for conspiracy against Evelyn Dwork and several crossclaims against Ivy Investment Corporation, Leo Dwork and others. These claims were severed by the trial judge. The cause proceeded to a non-jury trial, at the conclusion of which the trial judge entered final judgment holding defendants Alex Bernstein and Ivy Investment Corporation jointly and severally liable to Evelyn Dwork in the total amount of $31,514.80 plus costs and reasonable attorney's fees. Alex Bernstein appeals therefrom.
Appellant first urges as reversible error the trial court's proceeding without an indispensable party, to wit: Leo Dwork.
An indispensable party is defined as one whose interest in the subject matter of the action is such that if he is not joined, a complete and efficient determination of the equities, rights and liabilities of the other parties is not possible. Grammer v. Roman, Fla.App. 1965, 174 So.2d 443; Kephart v. Pickens, Fla.App. 1972, 271 So.2d 163. In the case sub judice, the trial court was concerned only with the promissory notes reflecting plaintiff as the holder and payee and appellant as co-maker and accommodation endorser. There being no allegation in appellant's answer that plaintiff and her husband were joint obligees, we hold that Mr. Dwork was not an indispensable party to the instant action.
For his second point on appeal, appellant argues that the court erred in failing to recognize that the release given by Evelyn Dwork's husband was binding upon her.
Hereunder, Bernstein basically contended that Leo Dwork was acting as an agent for his wife and, therefore, she should be bound by the release. The question of agency is one of fact to be determined by the trier of the fact and the burden of proof is on the party who asserts it. See 1 Fla.Jur. Agency § 8 (1955) and cases cited therein. Implicit in the final judgment is the finding of the trial judge, the trier of the facts, that appellant failed to prove the agency relationship. We will not disturb this determination as the record contains substantial competent evidence in support thereof.
Last, appellant contends the trial court erred in severing his counterclaim and crossclaims. We disagree.
A trial judge has broad discretion in the interest of effective judicial administration to sever the claims or to order separate trials under RCP 1.250 and 1.270(b). Roberts v. Keystone Trucking Company, Fla.App. 1972, 259 So.2d 171. We cannot say the trial judge abused his discretion in severing the counterclaim and crossclaims which sound in tort from plaintiff's contract claim.
Affirmed.