PEARSON, Judge.
Plaintiff Francis T. O’Donnell, Jr., has petitioned this court for a writ of certiorari to review an order denying arbitration on a claim of uninsured motorist coverage. Because of the unusual aspects of this case, we have, in the exercise of our discretion, entertained the petition for the writ and hold that the trial court has departed from the essential requirements of law in that, by its order, it has deprived the plaintiff of a valuable contract right without due process of law.
The unusual circumstances referred to above are that plaintiff O’Donnell first sued the alleged tort-feasor, appellee Norine White Chamberlain, and then filed a demand for arbitration of his claim for uninsured motorist coverage with his own insurance company, appellee Colonial Penn Insurance Company. The basis of this claim was the fact that Chamberlain had coverage less than that provided by his own policy. Thereafter, the plaintiff instituted a second suit against Colonial Penn claiming personal injury protection benefits.
Chamberlain, the defendant in the first suit, filed a motion to join Colonial Penn (the plaintiff’s insurer) as an indispensable party. The plaintiff filed a motion entitled “Motion for Declaratory Judgment” in which he asked that the court enter an order allowing him to proceed with the arbitration of his uninsured motorist claim against Colonial Penn. The court denied this motion but granted defendant Chamberlain’s motion to join Colonial Penn.
It appears to us that the trial judge departed from the essential requirements of law in each instance. First, with regard to the joinder of Colonial Penn, defendant Chamberlain has no ground to bring the plaintiff’s insurance company into the plaintiff’s suit. That insurance company was in no way involved in the merits of the plaintiff’s claim against the defendant and was not an “indispensable party,” as referred to in the defendant’s motion. See Bernstein v. Dwork, 320 So.2d 472 (Fla. 3d DCA 1975).
The joinder of the plaintiff’s own insurance company was harmful error to him in that it made him proceed against a defendant against whom he had a separate claim upon which he had filed a demand for arbitration.
*193 The order denying the plaintiff’s motion for declaratory judgment was not of itself a departure from the essential requirements of law. Because the ruling was combined with the improper joinder of Colonial Penn, it amounted to an injunction against the arbitration proceeding. ■ We know of no authority which requires the plaintiff in an automobile tort action to secure permission from a trial court in order to proceed with the arbitration of his uninsured motorist claim. Nevertheless, the plaintiff asked for such permission and ■the permission was denied, apparently on the ground that the plaintiff’s own insurance company was now a defendant in the trial court.
It should be pointed out that the trial court properly refused to abate the action against Chamberlain until the plaintiff could proceed with his arbitration. If the plaintiff undertakes an action in the trial court and an action outside the trial court, the trial court may proceed with its action as the rules provide, and there is no provision of the law requiring a court to stay proceedings before it in order to accommodate the plaintiff in a separate proceeding.
Accordingly, we hold that the petition for writ of certiorari should be granted and that the portion of the order joining Colonial Penn Insurance Company as an indispensable party is quashed. Further, the order denying the plaintiff’s petition foy' permission to proceed to arbitration is quashed insofar as it constitutes an injunction against the plaintiff proceeding with any legal remedy that he may have, including arbitration.
It is so ordered.