PER CURIAM.
We affirm the judgment appealed in which the trial court restored the wife as sole owner of a home which was owned by her before the marriage. The court found that no gift was intended when she quit-claimed the property to herself and husband as tenants by the entireties. See Ball v. Ball, 335 So.2d 5 (Fla.1976) (special equity is created by a showing that all of the consideration for property held as tenants by the entireties was supplied by one spouse from a source unconnected with the marital relationship in the absence of contradictory evidence that a gift was intended); Agudo v. Agudo, 449 So.2d 909 (Fla. 3d DCA 1984) (same). The trial court’s determination is supported by facts in the record and therefore will not be disturbed on appeal. See Marsh v. Marsh, 419 So.2d 629 (Fla.1982).
We remand, however, for such further proceedings as are necessary to relieve the now ex-husband of any liability on the new note and mortgage which encumbers the property.
Affirmed in part and remanded with directions.