PER CURIAM.
This is an appeal by the husband, Thomas E. O’Keeffe, from a declaratory decree and final order dismissing his petition for marriage dissolution on the basis that the parties had already been divorced in the Republic of Panama in May 1974. We reject the husband’s two points on appeal and affirm.
First, we see utterly no abuse of discretion in the trial court’s decision to try separately the threshold issue of the validity of the Panamanian divorce decree, in advance of all other issues in the case. Plainly, if the parties were already divorced by a Panamanian court, the entire marriage dissolution petition filed below by the husband was moot and subject to dismissal; it, accordingly, made good sense for the trial court to try this issue first. We further see no basis for the husband’s claim that an unjust result was reached by this procedure. The fact that the parties may have held themselves out as married subsequent to the 1974 Panamanian divorce decree, as claimed by the husband, could not have affected the validity of the decree and the exclusion of evidence offered by the husband thereon was entirely proper. Moreover, the trial court’s decision to restrict discovery to the question of the existence of a valid marriage between the parties, until such time as the validity of the Panamanian divorce could be determined by the court, was entirely proper as all other issues in the case would be moot in the event the trial court found, as it ultimately did, that the parties had already been divorced in Panama. Bowers v. Bowers, 326 So.2d 172 (Fla.1976); Newton v. Newton, 245 So.2d 45 (Fla.1971); Gross v. Security Trust Co., 453 So.2d 944 (Fla. 4th DCA 1984); see Hernandex v. Leiva, 391 So.2d 292 (Fla. 3d DCA 1980); Bernstein v. Dwork, 320 So.2d 472 (Fla. 3d DCA 1975), *462 cert. denied, 336 So.2d 599 (Fla.1976); cf. Klarish v. Klarish, 296 So.2d 497 (Fla. 3d DCA 1974); Roberts v. Keystone Trucking Co., 259 So.2d 171 (Fla. 4th DCA 1972); Fla.R.Civ.P. 1.270(b).
Second, we further see no error in the trial court's finding that the 1974 Panamanian divorce was genuine. This finding was based on substantial competent evidence adduced below, including a copy of the official Panamanian court decree which was introduced in evidence. The trial court was not required, as urged, to find that this decree was a forgery based on the testimony of a handwriting expert called by the husband. On cross examination, this witness conceded that there was no way of determining whether the husband’s signature on the decree was a forgery; this being so, the trial court had a basis in the record for concluding that “this witness doesn’t know whether [the decree] was a forgery or not.” In re Estate of Perez, 470 So.2d 48 (Fla. 3d DCA), rev. denied, 480 So.2d 1295 (Fla.1985); Mlaska v. Mlaska, 449 So.2d 423 (Fla. 3d DCA 1984); Kopplow & Flynn, P.A. v. Trudell, 445 So.2d 1065 (Fla. 3d DCA), rev. denied, 453 So.2d 44 (Fla.1984); Wales v. Wales, 422 So.2d 1066 (Fla. 1st DCA 1982); Courtheoux v. George, 410 So.2d 532 (Fla. 2d DCA 1982).
The final declaratory decree and final order of dismissal under review are, in all respects,
Affirmed.