_____
            Signature
Name: _____
Affiliation: _____
Business Address: _____
_____
Home Address: _____

**Lin T. KALINAUSKAS, Plaintiff,**

v.

**Nelson Yin Nin WONG, Kenneth Mark Ng Houng; Robert Val Moon; Caesars World Incorporated; Caesars World Marketing Corp.; Desert Palace, Incorporated, dba Caesars Palace Hotel & Casino, Defendants.**

No. CV–S–92–689–PMP–(RJJ).

United States District Court,
D. Nevada.

Sept. 8, 1993.

Ian Christopherson, Las Vegas, NV, for plaintiff.

Robert Zentz & William Cooper, Kirshman & Harris, Las Vegas, NV, for defendants.

## ORDER

[Defendant's Motion for Protective Order (# 39)]

JOHNSTON, United States Magistrate Judge.

This matter was submitted to the undersigned Magistrate Judge on a Motion for a Protective Order (# 39) filed by defendant Desert Palace, Inc., doing business as Caesars Palace Hotel & Casino (Caesars), to prevent the plaintiff from deposing Ms. Donna R. Thomas. Caesars has submitted documents to the court in camera to support the motion. The plaintiff filed an opposition (# 49) to Caesars's motion, prompting Caesars to file a reply (# 55).

## BACKGROUND

The plaintiff, Ms. Lin T. Kalinauskas (Kalinauskas), a former employee of Caesars, has sued Caesars for sexual discrimination in the instant case. As part of discovery Kalinauskas seeks to depose Donna R. Thomas, a former Caesars employee who filed a sexual harassment suit against Caesars last year. *Donna R. Thomas v. Desert Palace, Inc., dba Caesars Palace Hotel & Casino*, CV–S–92–100–HDM–(RJJ) (D.Nev.1992). Ms. Thomas's suit settled without trial pursuant to a confidential settlement agreement which the court sealed upon the stipulated agreement of the parties.

This court has examined, in camera, sealed materials relating to Ms. Thomas's case and settlement. The in camera submission included: Stipulation for & Order for Dismissal, Protective Order and Confidentiality Order, Stipulation for Protective Order and Confidentiality Order, and Settlement Agreement. The Stipulation for Protective Order and Confidentiality Order states in paragraph 3 on page 2 that the plaintiff "shall not discuss any aspect of plaintiff's employment at Caesars other than to state the dates of her employment and her job title." Identical language appears in the Protective Order and Confidentiality Order as paragraph 3 on pages 1–2, and in the Settlement Agreement as paragraph 7 on page 3.

## DISCUSSION

In general, the scope of discovery is very broad. "Parties may obtain discovery regarding *any matter, not privileged, which is relevant to the subject matter involved in the pending action.* . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears *reasonably calculated to lead to the discovery of admissible evidence.*" Fed.R.Civ.P. 26(b)(1) (emphasis added). The primary goal of the court and discovery is "to secure the just, speedy, and inexpensive determination of every action." Fed.R.Civ.P. 1.

The public interest favors judicial policies which promote the completion of litigation. Public interest also seeks to protect the finality of prior suits and the secrecy of settlements when desired by the settling parties.

However, the courts also serve society by providing a public forum for issues of general concern. The case at bar presents a direct conflict between these crucial public and private interests.

To allow full discovery into all aspects of Ms. Thomas's case could discourage similar settlements. Confidential settlements benefit society and the parties involved by resolving disputes relatively quickly, with slight judicial intervention, and presumably result in greater satisfaction to the parties. Sound judicial policy fosters and protects this form of alternative dispute resolution. See, *e.g.*, Fed.R.Evid. 408 which protects compromises and offers to compromise by rendering them inadmissible to prove liability. The secrecy of a settlement agreement and the contractual rights of the parties thereunder deserve court protection. *Flynn v. Portland Gen. Elec. Corp.*, 1989 WL 112802, 58 U.S.L.W. 2243, 50 Fair Empl. Prac.Cas. (BNA) 1497 (D.Or.1989) (party seeking discovery about previously settled case must identify specific information sought and why such information cannot be obtained another way; "the strong public policy favoring settlement of disputed claims dictates that confidentiality agreements regarding such settlements not be lightly abrogated").

On the other hand, to prevent any discovery into Ms. Thomas's case based upon the settlement agreement results in disturbing consequences. First, as pointed out by Kalinauskas, preventing the deposition of Ms. Thomas would condone the practice of "buy[ing] the silence of a witness with a settlement agreement." Response (# 49) at 2. This court harbors little doubt that preventing the dissemination of the underlying facts which prompted Ms. Thomas to file suit is in Caesars's interest, and formed an important part of the agreement to Caesars. Caesars avers that without the confidentiality order the *Thomas* case would not have settled. Reply (# 55) at 2. Yet despite this freedom to contract, the courts must carefully police the circumstances under which litigants seek to protect their interests while concealing legitimate areas of public concern.

This concern grows more pressing as additional individuals are harmed by identical or similar action.

Second, the deposition of Ms. Thomas is likely to lead to relevant evidence. Preventing the deposition of Ms. Thomas or the discovery of documents created in her case, could lead to wasteful efforts to generate discovery already in existence.

The court finds the wisdom of *Wilk v. American Medical Association*, 635 F.2d 1295 (7th Cir.1980), especially persuasive in this matter. In *Wilk*, five chiropractors sued the American Medical Association, as well as other national medical societies, and certain individuals, under the federal antitrust laws, alleging a nationwide conspiracy aimed at eliminating the chiropractic profession. These plaintiffs filed suit in the Northern District of Illinois. Subsequently, several very similar actions arose in other districts throughout the country. In particular, a suit arose in the Eastern District of New York, against many of the same medical associations, in which "the operative charges of wrongdoing" in the complaint were "almost word for word the same" as the complaint in the *Wilk* case. *Wilk*, 635 F.2d at 1296. By the time the New York case was filed, massive discovery had taken place in *Wilk*. However, nearly all this discovery remained unavailable to the intervening New York plaintiffs due to a protective order issued by the district court in *Wilk*. Nevertheless, on appeal, the New York plaintiffs were allowed access to all of the *Wilk* discovery. *Wilk*, 635 F.2d at 1301.

■ As in *Wilk*, this court faces two very similar lawsuits. Factually, and legally, Kalinauskas's case nearly duplicates Ms. Thomas's. Also, Kalinauskas is a bona fide litigant seeking access for legitimate litigation purposes. *Wilk*, 635 F.2d at 1300. While *Wilk* examined the issue on a much larger scale because it involved prior massive discovery of an alleged nationwide conspiracy, the underlying concern about the wastefulness of repetitive discovery applies equally to Kalinauskas. Thus this court adopts the holding in *Wilk* that "where an appropriate modification of a protective order [or confidentiality agreement] can place private litigants in a position they would otherwise reach only after repetition of another's discovery, such modification can be denied only where it would tangibly prejudice substantial rights of the party opposing modification." *Wilk*, 635 F.2d at 1299. Moreover, even after a demonstration of prejudice the court "has broad discretion in judging whether that injury outweighs the benefits of any possible modification." *Id.*

Caesars motion for a protective order preventing the deposition of Ms. Thomas rests entirely upon the confidential settlement agreement. Caesars has neither asserted an applicable privilege nor demonstrated any potential injury or prejudice which could arise from allowing the deposition.

■ Caesars argues that Kalinauskas must intervene in the *Thomas* case and seek a modification of the confidentiality order to depose Thomas. Reply (# 55). Caesars also maintains that it should be able to rely upon the confidentiality order to protect against third parties, unless extraordinary circumstances or compelling need justifies some breach of secrecy. *Id.*

This court rejects Caesars's first argument regarding intervention. Intervention was appropriate in *Wilk* because that case was ongoing at the time the New York plaintiffs sought discovery. Contrastingly, in this situation the *Thomas* action had concluded before Kalinauskas filed her discovery motion. Hence, requiring intervention under these circumstances would be wasteful and cause needless delay, especially in light of the fact that no live controversy exists in which Kalinauskas can properly intervene.

Furthermore, intervention to seek modification is not necessary because the confidentiality agreement itself provides that a court or government agency may order either party to the confidential settlement agreement to disclose information. # 7 on page 3 of Thomas Settlement agreement. The wording of the settlement agreement clearly indicates that the court in *Thomas* did not reserve supervisory control over the agreement and that any court has the authority to order disclosure. Consequently, this court, having inherent authority to order disclosure, will not require Kalinauskas to formally intervene in the closed *Thomas* case.

■ Next, the argument that Kalinauskas must show a compelling need to obtain discovery applies to discovery of the specific terms the settlement agreement (*i.e.*, the amount and conditions of the agreement), not factual information surrounding Thomas's case. Caesars should not be able to conceal basic facts of concern to Kalinauskas in her case, and of legitimate public concern, regarding employment at its place of business.

Accordingly, keeping in mind the liberal nature of discovery, this court will allow the deposition of Ms. Thomas. Kalinauskas has already acquired information about Ms. Thomas's case gleaned through publicly available documents, including Ms. Thomas's original complaint filed in state court. Complaint attached to Response (# 49) as exhibit 1. Moreover, Kalinauskas' case even involves at least one Caesars supervisory employee in common with Ms. Thomas's.

The deposition of Ms. Thomas and any further discovery into the Thomas case must not, however, disclose any substantive terms of the Caesars–Thomas settlement agreement. Naturally, Ms. Thomas may answer questions regarding her employment at Caesars and any knowledge of sexual harassment.

Although the terms of the confidential settlement agreement impose penalties upon Ms. Thomas for discussing her past employment at Caesars, those penalties shall not apply to the disclosure of information for discovery purposes in furtherance of Kalinauskas's case. Indeed, the settlement agreement itself makes exception for court ordered release of information. *See also, Reiser v. West Co.*, 1988 WL 35916 (E.D.Pa. 1988) (facts of case nearly identical to those at bar: female plaintiff suing employer for sex discrimination allowed to depose a former female employee despite confidential settlement agreement with employer).

While settlement is an important objective, an overzealous quest for alternative dispute resolution can distort the proper role of the court. Richard L. Marcus, *The Discovery Confidentiality Controversy*, 1991 U.Ill. L.Rev. 457, 502. Furthermore, settlement agreements which suppress evidence violate the greater public policy. *Id.* at 504.

With respect to contracts containing explicit guarantees of confidentiality, "such contracts, of course, cannot bind parties who do not sign them and may have little effect on the capacities of a non-party to discover or introduce at trial the settlement communications covered by the contract." The Hon. Wayne D. Brazil, *Protecting the Confidentiality of Settlement Negotiations*, 39 Hastings L.Rev. 955, 1026 (July 1988).

### *ORDER*

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that the Defendant's Motion for Protective Order (# 39) is granted in part and denied in part.

IT IS FURTHER ORDERED that the Defendant's Motion for Protective Order (# 39) is granted to the extent that during the deposition of Ms. Donna R. Thomas, no information regarding the settlement agreement itself shall come forth.

IT IS FURTHER ORDERED that the Defendant's Motion for Protective Order (# 39) is denied as to all other requests.

IT IS FURTHER ORDERED that discovery in this matter is reopened for the limited purpose of Plaintiff taking the deposition of Thomas. Said deposition is to be completed on or before October 15, 1993.