BARKDULL, Judge.
The Costellos purchased a mortgage from State Equity and Churchill Mortgage Company. State Equity acted as the Costellos’ servicing company, receiving payments from the mortgagor, doing the necessary accounting and after subtracting its fee, remitting the balance to the Costellos. The mortgagor decided to refinance the property and sought the services of defendant United Companies Lending Corporation who in turn hired Lawyers Land Title Company, Inc. to act as closing agent. Lawyers Land, in processing the new loan, sought and received an estop-pel letter from State Equity. Lawyers Land also made the usual inquiries and was aware that the Costellos were mortgagees of record. At closing on the new loan United, through its agent Lawyers Land, tendered funds to State Equity sufficient to pay off mortgagor’s indebtedness to the Costellos. Neither United nor Lawyers Land ever received from State Equity the original promissory note, mortgage or a satisfaction of mortgage. The Costellos meanwhile, never received the payoff funds from State Equity and never gave anyone a satisfaction of mortgage or any other documents. Some time after the above transaction took place, Churchill and State Equity were placed into receivership by the State of Florida, with Robert H. Lurer being named receiver.
The Costellos brought suit against Michael Adams, the mortgagor, Julius Webner, an inferior mortgagee, United Companies Lending Corporation and Lawyers Land Title Company, in the circuit court seeking to foreclose on the mortgage for nonpayment; seeking to re-establish a lost promissory note and mortgage; and, seeking damages against Lawyers Land for negligently handling the closing which resulted in State Equity receiving the funds intended for the Costellos.[1] Discovery was conducted and Mr. Costello and his wife were deposed. At his deposition Mr. Costello testified that a document he had produced was the original mortgage and that he had given State Equity express authority to collect the monthly mortgage payment but not to collect the final payment. Both United and Lawyers Land moved for summary judgment arguing that although the Costellos may have been record holders of the mortgage, they did not actually hold the original promissory note and mortgage, thus pay off to State Equity was proper because State Equity was the holder of the original promissory note and mortgage. United and Lawyers Land also argued that State Equity was the Costellos’ agent and that under agency law Lawyers Land properly tendered payment to State Equity as the Costellos’ agent. *603 Lawyers Land attached to its motion the affidavit of Robert H. Lurer which stated that he was the receiver of Churchill and State Equity; that he had taken possession of an original note executed by Michael Adams; that that note had been delivered to the U.S. Department of Justice pursuant to subpoena in connection with its investigation of Churchill and State Equity; and, that the note remains in the possession of the U.S. Department of Justice. The trial court granted defendant’s motion and this appeal followed.
On appeal the Costellos argue that there is a genuine issue of material fact as to whether they were in possession of the original mortgage note. We agree that the record discloses a genuine issue of material fact regarding whether the document produced by Mr. Costello at his deposition was the original mortgage note. Although United and Lawyers Land rely upon the Lurer affidavit, which in sum states that a “certain original note” had been delivered to the U.S. Department of Justice, that affidavit does not identify what that “certain original note” is, or its contents, at best the Lurer affidavit raises an inference that the Costellos are not in possession of the original mortgage note. But, we may not indulge in that inference because United and Lawyers Land were the moving parties on motion for summary judgment, see and compare Moore v. Morris, 475 So.2d 666 (Fla.1985), and this court must take all inferences in a light most favorable to the non-moving party, the Costellos. In doing so we find there remains genuine issues of material fact which are properly decided by the trier of fact and not the court on summary judgment. Moore.
United and Lawyers Land argue that it is undisputed that the Costellos had appointed State Equity as their agent and thus pursuant to that relationship Lawyers Land was justified in paying over the funds to State Equity. “The question of agency is one of fact to be determined by the trier of fact and the burden of proof is on the party who asserts it.” Bernstein v. Dwork, 320 So.2d 472, 474 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 599 (Fla.1976). We note that Mr. Costello, in his deposition, stated that State Equity was his agent for purposes of collection of the monthly mortgage payments but not for purposes of receiving satisfaction of the outstanding mortgage balance. We find that there is a genuine issue of fact regarding the scope of the agency relationship between the Costellos and State Equity, which precludes summary judgment. Bernstein.
Finally, we note that at this stage of the proceedings appellee’s reliance on Furst v. Marroquin, 622 So.2d 1062 (Fla. 3d DCA 1993)[2] is misplaced. In Furst, this court affirmed a final judgment on the merits, and not a final summary judgment.
Accordingly the summary judgment on review is reversed.
Reversed.

. We note that the Costellos have alleged alternative remedies. In count 1 they seek to foreclose a mortgage alleging that they are in possession of the original promissory note and mortgage while in count 2 they seek to reestablish that promissory note and mortgage. We also note that the Florida Rules of Civil Procedure allow just such a pleading. "A pleader may set up in the same action as many claims or causes of action ... as the pleader has ... A party may also set forth 2 or more statements of a claim ... alternatively ... A party may also state as many separate claims ... as that party has, regardless of consistency ...” Fla.R.Civ.P. 1.110(g).

. Furst involved a factual scenario which is strikingly similar to the case sub judicc. In Furst Churchill and State Equity had sold a mortgage but did not deliver the original promissory note or mortgage to the mortgagee. When the mortgagor paid off that mortgage the mortgagor’s closing agent disbursed the funds directly to State Equity. The mortgagee never received the funds and brought suit. The trial court, after bench trial, held that the mortgagee was precluded from recovery because State Equity was their agent and because defendants had properly made payment to State Equity, as the holder of the notes, pursuant to § 673.202, Florida Statutes.