OPINION OF THE COURT
Arthur W. Lonschein, J.
Following the selection of a jury in this medical malpractice-wrongful death action, the court ordered that the trial proceed in a bifurcated manner, that is, the liability issues to be tried first, and if the jury finds liability against any or all of the three defendants, the jury will then consider damages.
The complaint alleges that the defendants, two physicians and a hospital, by their negligence caused the plaintiff’s intestate personal injuries resulting in pain and suffering and ultimately death. In ordering a bifurcated trial, the court followed Uniform Rules for Trial Courts (22 NYCRR) § 202.42, adopted in 1986 which reads in part "Judges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury” (emphasis added) where bifurcation will assist in clarifying or simplifying issues.
The defendants do not object to the court’s ruling. The plaintiff’s attorney, however, objects on the ground that he has never heard of bifurcation in a medical malpractice-wrongful death action although he candidly concedes that he has found no authority contrary to support that position. However, it seems clear to the court that a medical malpractice action which seeks damages because of professional negligence is an action to recover for personal injuries and fits squarely within the rule. A personal injury is defined in General Construction Law § 37-a as an "actionable injury to the person either of the plaintiff, or of another.” In contrast, is this definition of property damages found in General Construction Law § 25-b. " 'Injury to property’ is an actionable act, whereby the estate of another is lessened, other than a personal injury, or the breach of a contract.” Thus it has been held that a "personal injury” as defined by the General Construction Law covers every variety of injury to a person’s body, feelings or reputation. (Bonilla v Reeves, 49 Misc 2d 273.) Death resulting from negligence is most certainly the ultimate personal injury. In examining the contentions of the plaintiff, the court could not discern any prejudice to any of the parties should a bifurcation be ordered, the issues being entirely separable and distinct from one another.
*728 Bifurcation in negligence cases has long been the rule in the Second Department. In 1979, the Appellate Division of this Department promulgated 22 NYCRR 699.14 of its official rules the pertinent part of which reads "In all negligence actions to recover damages for personal injury, the issues of liability and damages shall be severed and the issue of liability shall be tried first. In exceptional circumstances * * * where * * * good cause exists as to why such a severance should not be granted, he may order a single trial on the issues of liability and damages.”
The First Department spoke on the subject in 1966 in Mercado v City of New York (25 AD2d 75). There the Court said concerning a separate trial on the issues of liability and damages in a medical malpractice-wrongful death action: "The liability issue and the damage issue in an action, grounded in negligence, to recover for personal injuries or wrongful death, represent distinct and severable issues which may be tried and determined separately. As a measure for relief from calendar congestion, as a means of lightening the burden of litigation and in the furtherance of the interests of justice in particular cases, the separate disposal of such issues is an accepted and useful practice * * * It is well settled that a trial court may properly exercise its power to sever the issues and direct that a trial be held first solely upon the issue of liability, with a separate trial thereafter of the damage issue if liability is determined in favor of plaintiff. (CPLR 603; Berman v. H. J. Enterprises, 13 A D 2d 199, 201 and cases cited. Also, Bliss v. Londner, 20 A D 2d 640; Feldstein v. Greater N. Y. Councils, Boy Scouts of America, 16 A D 2d 771.)” (Supra, at 76.)
As a general rule, questions of liability and damages in an action sounding in negligence represent distinct and severable issues which should be tried and determined separately. (Louise B. G. v New York City Bd. of Educ., 143 AD2d 728; Armstrong v Adelman Automotive Parts Dist. Corp., 176 AD2d 773; Amato v Hudson Country Montessori School, 185 AD2d 803.) It is only when the nature of the injuries has an important bearing on the issue of liability that a simultaneous joint trial on all issues should be permitted. (Williams v City of New York, 36 AD2d 620.) The matter at bar is not such a case. In the Williams case it was held that a unified trial was warranted where in an assault action, the question of excessive force by a police officer and the injuries sustained were inseparable, since the extent of the injuries was probative of the use of excessive force.
*729 Rule 699.14 of the Rules of the Appellate Division, Second Department, was superseded by the adoption of section 202.42 of the Uniform Rules for Trial Courts (22 NYCRR 202.42) by the Administrative Board of the Courts. That rule signals the Trial Judges of what they ought to do in actions to recover for personal injuries. Trying liability to a verdict before commencement of the damage part of a trial will certainly in many cases have a beneficial effect. It will tend to eliminate what otherwise may be a long trial on damages if the jury decides liability issues in a defendant’s favor, thus contributing to judicial economy and the clearing of Trial Calendars. It will contribute to and encourage the settlement of cases once there is a plaintiff’s verdict on liability where insurance companies are brought to the understanding that they must pay in cases where insurance policies obligate payment of damages in tort cases. The over-all benefits to the court system are immense considering the savings of time and court facilities. Indeed there are benefits to the negligence bar considering that in many cases, particularly in medical malpractice cases, large fees to experts on damages need not be expended being that the bifurcation method appears to encourage settlement after a successful trial on liability.
The court notes that even without court rules that permit or encourage bifurcation, the CPLR gives Judges the discretion of ordering bifurcation in a proper case. CPLR 4011 designated "Sequence of trial” reads "The court may determine the sequence in which the issues shall be tried and otherwise regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue.”
Accordingly the plaintiffs’ objection is overruled and the trial will proceed on a bifurcated basis.