697 So.2d 1300 (1997)
Duke H. SCOTT, M.D., Petitioner,
v.
Brenda D. NELSON, Joan Putnam, and Sherry Clay, Respondents.
No. 96-4655.
District Court of Appeal of Florida, First District.
August 19, 1997.
Mary Bland Love of Gobelman and Love, Jacksonville; Joseph P. Milton of Milton, Leach & D'Andrea, P.A., Jacksonville, for petitioner.
Jerry J. Waxman of Waxman & Siemer, P.A., Jacksonville, for respondents.
WOLF, Judge.
In this case, Dr. Duke Scott has petitioned this court for writ of certiorari to review an order denying petitioner's motion for a protective order in regard to the respondents' request to take the deposition of Sara A. A settlement agreement entered into between the petitioner and Sara A. in a prior cause of action contains a confidentiality agreement which prohibits Sara A. or her attorneys from responding "in any way to any inquiry of any kind whatsoever with regard to the facts surrounding the case/claim" against the petitioner. When the respondents sued the petitioner in a subsequent cause of action and attempted to depose Sara A., the petitioner interposed a motion for a protective order on the grounds that allowing Sara A. to be deposed would cause irreparable injury to his reputation and livelihood and deprive him of the protections for which he bargained in the settlement with Sara A. Following a hearing on the motion, an order was entered prohibiting testimony regarding the procedural aspects of the Sara A. case only, while allowing Sara A. to testify as to factual matters concerning the allegations in her lawsuit against the petitioner.
Upon our review of the petition for writ of certiorari, we find that the contractual confidentiality agreement between Dr. Scott and Sara A. cannot be used to adversely interfere with the ability of respondents, nonparties to the contract, to pursue discovery in support of their case; therefore, we deny the petition for writ of certiorari.
A trial court possesses broad discretion in protecting the parties that come *1301 before it and in overseeing the discovery process. See Rojas v. Ryder Truck Rental, Inc., 641 So.2d 855, 857 (Fla.1994). It is within the trial court's discretion to determine matters relating to discovery, and such orders reviewed pursuant to a petition for writ of certiorari will not be overturned absent departure from the essential requirements of law. See, e.g., North Florida Regional Hosp. v. Douglas, 454 So.2d 759, 760 (Fla. 1st DCA 1984). While we recognize and respect strong public policy favoring settlement of disputed claims and policy which dictates that confidentiality agreements not be regarded lightly, we find that to prevent any discovery based upon a settlement agreement would result in a defendant being able to buy the silence of witnesses with a settlement agreement when the facts of one controversy may be relevant to another. See Kalinauskas v. Wong, 151 F.R.D. 363, 365-366 (D.Nev.1993). "While settlement is an important objective, an overzealous quest for alternative dispute resolution can distort the proper role of the court.... [S]ettlement agreements which suppress evidence violate the greater public policy." Id. at 367 (citing Richard L. Marcus, The Discovery Confidentiality Controversy, 1991 U. Ill. L.Rev. 457, 502 & 504); see also McKnight v. Stein Mart, Inc., No.CIV.A.95-0258, 1996 WL 481079, at *1 (E.D.La. Aug. 22, 1996); Wendt v. Walden University, Inc., No.CIV.4-95-467, 1996 WL 84668, at *2 (D.Minn. Jan. 16, 1996).
The testimony sought from Sara A. in this case is potentially relevant. The respondents are not seeking information about the terms of the settlement agreement, rather they are seeking factual information underlying Sara A.'s claims against the petitioner which may be relevant and admissible in respondents' cause of action. As such, the testimony is discoverable. We find that the order of the trial court does not depart from the essential requirements of law, and thus deny the petition for writ of certiorari.
JOANOS and VAN NORTWICK, JJ., concur.