710 So.2d 1022 (1998)
MARIS DISTRIBUTING COMPANY, a Florida corporation, Petitioner,
v.
ANHEUSER-BUSCH, INC., Charles Cindric, individually, and Thomas Caddick, individually, Respondents.
No. 97-4697.
District Court of Appeal of Florida, First District.
May 20, 1998.
John Beranek of Ausley & McMullen, Tallahassee; Bernard H. Dempsey, Jr., Barbara B. Smithers, and Peter F. Carr of Dempsey & Sasso, Orlando; and Manuel Socias, Orlando, for Petitioner.
Peter E. Moll and Brian D. Wallach of Howrey & Simon, Washington, D.C.; and John F. Roscow, III, and Stan Cushman of Scruggs & Carmichael, P.A., Gainesville, for Respondents.
JOANOS, Judge.
Maris Distributing Company (Maris) seeks review by common law certiorari of an interlocutory order separating three counts of Maris's amended complaint for trial, and taking *1023 under advisement respondent's motion to dismiss as to the remaining counts of the complaint. Maris also asserts error in the trial court's stay of discovery as to Counts II through XIII. We grant the petition for writ of certiorari.
Maris filed its initial complaint in January 1997. The general allegations of the complaint indicate that for twenty-nine years Maris had been the exclusive distributor of Anheuser-Busch products in the Gainesville and Ocala areas. In 1982, Maris entered into the most recent Equity Agreement with Anheuser-Busch. In its complaint, Maris alleged that in exchange for primary territorial rights, Maris paid substantial consideration, and invested millions of dollars in the business relationship. Maris further alleged that in the spring of 1995, Anheuser-Busch commenced an attack against Maris in an effort to terminate the business relationship, and to deteriorate the relationship between Maris and its accounts.
The case was removed to federal court for a period of time, then remanded back to state court. In July 1997, Maris filed the amended complaint which is the subject of this petition for certiorari review. Among other things, Maris alleged that on March 20, 1997, Anheuser-Busch terminated the distributorship. The amended complaint further alleged causes of action for breach of contract, injunctive relief, breach of covenant of good faith and fair dealing, tortious interference with Maris and its accounts, tortious interference with Maris and its employees, violation of statutory duty, fraudulent inducement, defamation, civil remedies for criminal practices, Florida deceptive and unfair trade practices act, conversion, unjust enrichment, and Florida RICO violations. Anheuser-Busch filed a motion to dismiss all counts of the amended complaint, except the counts alleging breach of contract (Count I), entitlement to injunctive relief (Count II), and unjust enrichment (Count XII). When Anheuser-Busch did not file an answer to the counts not included within its motion to dismiss, Maris moved for an order to compel Anheuser-Busch to comply with the trial court's earlier order directing it to respond to the amended complaint.
In September 1997, the trial court conducted a hearing on all pending motions. At the hearing, Anheuser-Busch was critical of the length of the amended complaint, as well as of the number of exhibits attached thereto. Anheuser-Busch also opposed discovery relating to its litigation with other Anheuser-Busch distributors in other parts of the country. On September 30, 1997, the trial court entered an order denying Maris's motion to compel Anheuser-Busch to respond to the amended complaint.
On November 10, 1997, the trial court entered an order captioned "Order Separating the Causes of Action for the Orderly Progress of the Case." The order was entered "upon the Court's own motion." The trial court found the time and expense involved in resolving the twelve collateral counts to be "grossly disproportionate to what will likely be needed to resolve the main count, Count 1 for breach of contract." The court further found that since a determination of the issues critical to the breach of contract count, "are likely to simplify or even obviate the need for resolution of the collateral claims," it was in the best interests of the parties to resolve those issues first. The order states in part:
While the Court realizes that the separation of the action in this manner is a rather unusual case management procedure, this is a rather unusual case. Pursuant to the duties prescribed by Fla.R.Jud.Admin. 2.085, the Court finds that the orderly administration of justice and the best interests of the parties require that these critical issues be resolved first.
Based on these findings, the court ordered that Anheuser-Busch's motion to dismiss Counts III through XI and XIII was taken under advisement until further order of the court. Anheuser-Busch was ordered to answer Count I within 20 days of the order. Paragraph three of the decretal portion of the order states:
3. All discovery is stayed as to Counts 2-13 until further order of this Court. Discovery may be allowed upon showing by a party that discovery is necessary for the preservation of evidence.
Anheuser-Busch filed an answer only as to Count I of the amended complaint, maintaining *1024 that pursuant to the November 10, 1997, order, it was not required to answer the remaining allegations of the amended complaint. Anheuser-Busch also raised fourteen affirmative defenses, and a counterclaim.
"A non-final order for which no appeal is provided by Rule 9.130 is reviewable by petition for certiorari only in limited circumstances." See Martin-Johnson, Inc. v. Savage, 509 So.2d 1097, 1099 (Fla.1987); Charlotte County v. General Development Utilities, Inc., 653 So.2d 1081, 1084 (Fla. 1st DCA 1995). To qualify for certiorari review, the order (1) must depart from the essential requirements of law, and (2) cause material injury to the petitioner, leaving no adequate remedy on appeal. See Savage, 509 So.2d at 1099.
In appropriate circumstances, the trial court has discretion to order a separate trial of any claim, crossclaim, counterclaim, or third-party claim. See Fla.R.Civ.P. 1.270(b).[1] "The general rule, ... is that a trial judge's exercise of discretion on a severance question will not be disturbed absent a clear showing of abuse." See Hardee Mfg. Co. v. Josey, 535 So.2d 655, 656 (Fla. 3d DCA 1988). Although the matter of separation of the issues to be tried rests in the trial court's discretion, "a single trial generally tends to lessen the delay, expense and inconvenience to all concerned, and the courts have emphasized that separate trial should not be ordered unless such disposition is clearly necessary, and then only in the furtherance of justice." See Vander Car v. Pitts, 166 So.2d 837, 839 (Fla. 2d DCA 1964). It is improper to sever a counterclaim and affirmative defenses from the plaintiff's claim, when the facts underlying the claims of the respective parties are inextricably interwoven. See Plantation Village Ltd. v. Aycock, 617 So.2d 729, 732 (Fla. 2d DCA 1993); Dykes v. Trustbank Savings, F.S.B., 567 So.2d 958 (Fla. 2d DCA 1990), review denied, 577 So.2d 1330 (Fla.1991).
Although severance of issues in dissolution of marriage proceedings is generally disfavored, such separation of issues was approved in O'Keeffe v. O'Keeffe, 522 So.2d 460, 461 (Fla. 3d DCA 1988). The different result in O'Keeffe was premised on the court's recognition that determination of the validity of a prior divorce would obviate action on the husband's petition for dissolution. In this vein, the court found no abuse of discretion in the trial court's decision to try separately the threshold issue of the validity of the parties' Panamanian divorce decree, in advance of all other issues in the case. The court further found the trial court properly restricted discovery to the question of the existence of a valid marriage between the parties, until after the validity of the Panamanian divorce was determined, since all other issues in the case would be moot if the court found the parties had been divorced in Panama. See id. at 461.
Unlike the situation in O'Keeffe, resolution of the breach of contract action in this case will not resolve all of the remaining issues. The remaining claims arose in the context of the contract, and the conduct leading to termination of Maris's Anheuser-Busch distributorship. The trial court may have been influenced by the attack of Anheuser-Busch's counsel on the number of counts in the amended complaint, the number of attachments thereto, and Maris's discovery requests. Anheuser-Busch's counsel argued the complaint was so unwieldy and massive that it could not be considered effectively in one trial. We disagree. With the exception of the contract count, which sets forth the factual underpinning for the remaining counts, the counts of the amended complaint are stated clearly and succinctly. Since the facts underlying all of the counts are interrelated, we conclude a single trial is required as to all issues.
We further conclude the trial court abused its discretion in staying discovery in this case. It is well settled that "a party may be permitted to discover relevant evidence that would be inadmissible at trial, so *1025 long as it may lead to the discovery of admissible evidence." See Amente v. Newman, 653 So.2d 1030, 1032 (Fla.1995). See also Van Nostrand v. Olivieri, 427 So.2d 374, 377 (Fla. 2d DCA 1983). In short, the trial court may limit discovery only when the moving party has made an affirmative showing of good cause. See Deltona Corporation v. Bailey, 336 So.2d 1163, 1169 (Fla.1976). In Deltona, the court held that while postponing discovery pending determination of material outstanding motions may be within the trial court's discretion, the pendency of unresolved motions "is not sufficient `good cause shown' within the purview of Rule 1.280(c) to justify postponing discovery for the protracted period of time which elapsed in the case at bar."[2]See also Smith v. Southern Baptist Hospital, 564 So.2d 1115, 1118 (Fla. 1st DCA 1990); Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607, 610-611 (Fla. 4th DCA 1975).
In Scott v. Nelson, 697 So.2d 1300 (Fla. 1st DCA 1997), this court denied a physician's petition for certiorari to overturn a trial court's denial of a protective order. The protective order was sought to prohibit the plaintiffs from taking the deposition of a party who had settled an earlier medical malpractice claim with the same physician/defendant. The requested discovery limitation in Nelson purportedly was essential to protect the confidentiality of a settlement agreement in connection with the earlier case. While the court recognized the public policy favoring settlement of disputed claims, and the policy respecting confidentiality agreements, it concluded these policies must give way to a litigant's need to discover potentially relevant evidence.
In our view, the trial court's discovery prohibition in this case constitutes a departure from the rule pronounced by the supreme court in Deltona, and followed in principle by this court in Scott v. Nelson. Even a cursory reading of the complaint demonstrates that information regarding the prior litigation may be relevant and admissible in this action, in the manner contemplated by this court in Scott v. Nelson.
The trial court's limitation of discovery was due, in part, to the court's belief that resolution of the breach of contract issue which was severed for separate trial would render moot some of the remaining issues. Thus, the trial court sought to avoid what it perceived as needless discovery expense related to counts of the amended complaint which ultimately may be dismissed. Although we commend the motive underlying the discovery limitation, we believe the trial court's ruling was both premature and without good cause, and thus constitutes a departure from the essential requirements of law.
In summary, we conclude the trial court's order separating causes of action which share a common factual basis, constitutes a departure from the essential requirements of law, and will result in material harm to Maris which cannot be remedied on plenary appeal. All of the claims set forth in the amended complaint and counterclaim arose in connection with the distributorship. Although we make no determination whether any of the counts are subject to dismissal under the economic loss rule, we disagree with Anheuser-Busch's assertion that all of the severed counts are subject to dismissal under the rule.
Accordingly, we grant the petition, and quash the order severing causes of action for trial and imposing limitations on discovery.
WOLF, J., and SMITH, LARRY G., Senior Judge, concur.
NOTES
[1] Florida Rule of Civil Procedure 1.270(b), provides:

(b) Separate Trials. The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, crossclaim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, crossclaims, counterclaims, third-party claims, or issues.
[2] In Deltona, discovery was delayed for 12 months.