OPINION OF THE COURT
David Goldstein, J.
In this medical malpractice action, brought to recover for brain damage to twin plaintiffs, who were born on December *206 22, 1982, North Shore has moved for bifurcation, directing separate trials of liability and damages. In addition to the hospital, the action was initially commenced against various obstetricians and pediatricians. While the action against the doctors has been settled and/or discontinued, the trial will nevertheless relate to the relative responsibility of the various parties, both the hospital and the medical practitioners. The court denied the application on the record, and amplifies its determination by this decision, in large part as a result of the relatively few published opinions on the issue, particularly in the context of a medical malpractice action.
In moving for a bifurcated trial, defendant relies upon section 202.42 (a) of the Uniform Rules for Trial Courts (22 NYCRR), which provides in part as follows: “Judges are encouraged to order a bifurcated trial of the issues of liability and damages in any action for personal injury where it appears that bifurcation may assist in a clarification or simplification of issues and a fair and more expeditious resolution of the action.”
Under this standard, it has been generally .recognized that separate trials should be ordered in negligence actions unless the injuries are intertwined with the question of liability, that is, where the nature of injuries has an important bearing upon the issue of liability. (See, Mignott v Sears, Roebuck & Co., 101 AD2d 731; Schwartz v Binder, 91 AD2d 660; see also, Rothbard v Woolworth Co., 233 AD2d 434; Faber v New York City Hous. Auth., 227 AD2d 248; Amato v Hudson Country Montessori School, 185 AD2d 803; Parmar v Skinner, 154 AD2d 444; Louise B. G. v New York City Bd. of Educ., 143 AD2d 728; Gee v New York City Tr. Auth., 135 AD2d 778.) In such a situation, a separate trial on liability and damages is improper, since affirmative medical proof is necessary to establish a causal connection or relationship between the occurrence and the injury.
In my view, although not specifically addressed in any of the reported decisions in terms of rationale, an action which sounds in medical malpractice is within this latter category and, in most instances, warrants a unified trial on both liability and damages. Only a handful of reported decisions on the issue in the context of a medical malpractice action have been cited or found. In Darwak v Benedictine Hosp. (247 AD2d 771), the Appellate Division, Third Department, held that it was not an abuse of discretion to direct separate trials of liability and damages, although the appellate memorandum does indicate that there was no objection to the ruling so as to preserve the *207 issue for review on appeal. Similarly, in Felice v Southside Hosp. (249 AD2d 359, 360 [2d Dept 1998]), the Appellate Division, Second Department, with no indication or even hint of underlying rationale, held that bifurcation was proper since “plaintiffs failed to show any need to introduce evidence of the infant plaintiff’s injuries in order to establish liability.”
In contrast, in Mason v Moore (226 AD2d 993, 994), an action similar to the present one, brought to recover for brain damage from asphyxia during delivery, which resulted in spastic quadriplegia, the Third Department held that there was no abuse of discretion in denying defendants’ request for a bifurcated trial, since “the liability and damages issues are entwined.” In doing so, it observed that bifurcation was appropriate “where the questions of liability and damages are discrete and such procedure will result in a shorter, simpler, less expensive trial * * * [not] where the nature of the injuries has an important bearing on the question of liability” (at 994).
This, in my view, is the precise situation in this case and in most medical malpractice actions. In such circumstances, there is a clear interrelationship between liability and damages so as to mandate a unified trial. This follows from the necessity of medical testimony to establish, not only a departure from accepted medical practice, the critical proof in terms of liability, but also the causal relationship between the departure and the claimed injuries. Plainly, this demonstrates that, in such case, liability and damages are not only related, or have “an important bearing” upon each other, but are intertwined to such an extent as to require a unified trial. If this is not done, the very same doctors and medical experts who testify on liability will be recalled on damages, essentially to testify that the departure proximately resulted in the claimed injuries and the extent of the injuries sustained. The end result is two separate trials, with the very same witnesses, when one should suffice in terms of the underlying judicial function to effect substantial justice, not to force settlements or give undue advantage to one side over the other.
There is an obvious benefit to a defendant from a bifurcated trial, especially where there are severe or crippling injuries. Bifurcation places in a vacuum the liability issues, withholding from the jury details as to the injuries and the precise manner by which they impact upon the plaintiff’s life, daily routine, and prospects for the future. While this is the situation in every negligence case, the critical difference is that, in a medi *208 cal malpractice action, such medical testimony is necessary on both liability and damages, which renders the liability and damage issues entwined. As noted, bifurcation in a medical malpractice action will result in two trials where one should suffice, a unique problem if one takes into account the difficulties and expense in securing the attendance of medical practitioners and experts. In such case, within the standard provided by section 202.42 (a) of the Uniform Rules for Trial Courts (22 NYCRR), bifurcation will neither “assist in a clarification or simplification of issues,” nor will it result in “a fair and more expeditious resolution of the action.” Instead, it necessitates two separate trials where minimal additional inquiry in the first could avoid the need of a second.
If bifurcation is the standard in such actions, no reason appears (other than the obvious) why a trial on damages may not proceed before that on liability. If that were done, the measure of recovery could be fixed, which would enable a defendant, who, perhaps, more than anyone else, should know whether the applicable standard of care was satisfied by it, to assess whether a settlement would be more advisable or expeditious than proceeding with a determination on liability. While one could argue that such a procedure would be more advantageous to the plaintiff, no more so than the advantage to the defendant from having two actions proceed where, depending upon the facts, a second, with the attendant inconvenience and expense, could be avoided.
The authorities relied upon by defendant do not require a different result. In Barracca v St. Francis Hosp. (166 Misc 2d 726, 237 AD2d 396), the court directed a bifurcated trial in a medical malpractice wrongful death action. However, notwithstanding the observation in that case that “[d]eath resulting from negligence is most certainly the ultimate personal injury” (166 Misc 2d, at 727), a wrongful death action is not an action to recover for personal injuries, the applicable classification for bifurcation under section 202.42 of the Uniform Rules for Trial Courts (22 NYCRR). Rather, it is a legislative creation, with recovery based upon the pecuniary loss to the survivors, significantly and substantively different than the measure of recovery in a personal injury action. In any event, as noted, the nature and extent of the injuries, especially in relation to causal relationship with the alleged medical departures, is sufficiently entwined so as to warrant a unified trial here. Moreover, contrary to the observation in Barracca, in medical malpractice cases, the damages phase could be significantly shorter *209 in duration than the liability trial and, as noted, will invariably require the reappearance of the very same medical experts. Thus, there is no real saving in terms of time or court facilities. Notwithstanding the court’s observation that bifurcation could result in reduced fees to experts, the necessity of producing the same experts twice would unnecessarily enhance the fees and attendant expense of such litigation.
Equally unavailing is Capote v New York City Health & Hosps. Corp. (NYLJ, Aug. 3, 1998, at 30, col 2), wherein the court directed bifurcation, observing that defendant conceded that the infant plaintiff had cerebral palsy. This, however, is not dispositive, since, in order to recover, it would be necessary for plaintiffs to establish, by proper medical proof, that the claimed disabilities were attributable to and proximately caused by defendant’s malpractice, which could be expeditiously and simply accomplished by additional minimal inquiry, without the need of the medical experts reappearing again for what could have been done initially. The end result is additional time, energy and expense, which, in my view, only detracts from the efficient and expeditious administration of justice in such cases.
Accordingly, upon the foregoing, the motion for a bifurcated trial is denied in all respects. The matter shall proceed forthwith to a unified trial on both liability and damages.