PER CURIAM.
Petitioner Robert Woltin seeks certiorari review of an order bifurcating his slander trial against Mary Anne Richter in such a way that the issue of liability would be tried before one jury and damages would be tried before another jury, with no net worth discovery until the second phase is reached. We see no remedy on final appeal that could repair the harm of having to try the case before two different juries,[1] and grant the petition.
In W.R. Grace & Co.—Conn. v. Waters, 638 So.2d 502 (Fla.1994), the supreme court addressed the concern that arises from allowing the jury to consider, in mitigation of punitive damages, the fact that the defendant had already been ordered to pay them to one or more other plaintiffs, without having the jury consider such information when determining liability because such evidence would be prejudicial to the defendant during the liability phase. Its solution provided that the determination of the amount of punitive damages should be bifurcated from the remaining issues at trial, so that the same jury would hear evidence as to the amount of punitive damages in the second stage. The supreme court’s holding was as follows:
We hold that henceforth trial courts, when presented with a timely motion, should bifurcate the determination of the amount of punitive damages from the remaining issues at trial. At the first stage of a trial in which punitive damages are an issue, the jury should hear evidence regarding liability for actual damages, the amount of actual damages, and liability for punitive damages, and should make determinations on those issues. If, at the first stage, the jury determines that punitive damages are warranted, the same jury should. then hear evidence relevant to the amount of punitive damages and should determine the amount for which the defendant is liable. At this second stage, evidence of previous punitive awards may be introduced by the .defendant in mitigation.
Id. at 506 (emphasis added) (footnote omitted). This case requires that “the same jury” that determines liability also hear evidence on the amount of punitive damages. The order under review contravenes this policy and for that reason we quash it and remand to the trial court for further proceedings consistent with this opinion.
WARNER, C.J., DELL and STEVENSON, JJ., concur.

. See, e.g., Maris Distributing Co. v. Anheuser-Busch, Inc., 710 So.2d 1022 (Fla. 1st DCA 1998) (granting certiorari when trial court separated three counts of the plaintiffs amended complaint for trial, staying discovery as to the other claims, where the facts underlying all the counts were interrelated).