866 So.2d 174 (2004)
Annette ROOSS, Petitioner,
v.
Kurt R. MAYBERRY, M.D., et al., Respondent.
No. 5D03-3248.
District Court of Appeal of Florida, Fifth District.
February 20, 2004.
*175 Susan S. Lerner of Josephs, Jack & Miranda, P.A., Miami, for Petitioner.
Gina M. Sansone and Pierre J. Seacord of Ringer, Henry, Buckley & Seacord, P.A., Orlando, for Respondent Kurt R. Mayberry, M.D.
Rafael E. Martinez and Richard L. Barry, of McEwan, Martinez & Dukes, P.A., Orlando, for Respondents Ernesto Cortes-Belen, M.D. and Florida Emergency Physicians-Kang & Associates, M.D., P.A.
Larry D. Hall and Brian L. Smith of Hill, Adams, Hall & Schieffelin, P.A., Winter Park, for Respondents Florida Hospital d/b/a Celebration Health.
SHARP, W., J.
Rooss petitions this court for certiorari review of the trial court's order which granted the respondents' (Celebration Health, emergency room physicians Kurt Mayberry and Ernesto Cortes-Belen, and Florida Emergency Physicians Kang and Associates, M.D., P.A.) motion to bifurcate a medical malpractice action as to liability and damage issues, but denied respondents' motion to stay discovery on the damage issues. We grant the writ because it appears the liability and damages issues are necessarily intertwined and any argument for the bifurcation based on inconvenience of travel to Germany to depose witnesses and translations of medical records is without merit given the court's denial of a respondent's motion to stay discovery on damages.
The record establishes that Rooss is a resident of Germany who was on a holiday in the Orlando area on November 12, 1999. Experiencing severe abdominal pain, fever, nausea and vomiting, Rooss went for treatment to the Celebration emergency room. After examining her and taking various tests, the doctors discharged her. One said she did not have an appendix problem. They prescribed pain and nausea medication and advised Rooss to follow up with her German doctor upon returning to Germany. The medications allegedly masked her continuing and worsening medical condition.
Rooss returned to Germany on November 16, 1999. She made an appointment to see her family doctor, but before the appointment time she was forced by her then severe medical condition to check herself in at a German hospital on November 21, 1999. The diagnosis was a ruptured appendix, approximately five or six days old. She experienced multiple critical medical problems, including septic shock, early stage multiple organ failure, and after surviving that, multiple surgeries, leaving her with permanent disabilities.
Respondents argue that the liability issues should be tried first, separate from the damage issues, because the damage issues require extensive discovery and trial preparation in Germany, whereas the liability issues could be narrowed primarily to testimony involving Rooss' treatment in Florida at Celebration. They do not rely on "prejudice" as a ground for bifurcation.
*176 Florida Rule of Civil Procedure 1.270(b) allows for the bifurcation for trial of cases "in furtherance of convenience or to avoid prejudice." And in general, a trial court has broad discretion to bifurcate cases in the interest of effective judicial administration. See Bernstein v. Dwork, 320 So.2d 472 (Fla. 3d DCA 1975), cert. denied, 336 So.2d 599 (Fla.1976).
In this case, the ground the trial judge relied upon in granting the motion to bifurcate was the claimed substantial expense that will have to be incurred in requiring the parties to travel to Europe for discovery purposes relating to the damage issue. But the court did not stay discovery on damages issues in Germany. This discovery will no doubt go forward in any event, primarily because it simply is not possible in this case to separate the issues of causation and liability from damages.
The testimony of Rooss' health care providers in Germany is necessary and relevant to both issues. Respondents seek to prove as defenses that all of Rooss' injuries that ensued in Germany were caused by herself or her pre-existing/congenital condition, or in part or full by the negligent care she received in Germany. Rooss' subsequent diagnosis and treatment in Germany will have an evidentiary bearing on the basis of the liability claim.
Respondents also assert the statute of limitations expired before Rooss filed her notices of intent to sue.[1] This will necessarily involve resolution of the issue of when Rooss should be charged with notice of her cause of action against the respondents, based on her awareness of her medical condition in Germany. That also will require the testimony of her German health-care providers and her German medical records.
Rather than saving time and money as urged by respondents in this case, it appears the effect of the bifurcation order would be to convert what should have been one trial into two, with much duplicative testimony from the same medical witnesses. See Microclimate Sales Co., Inc. v. Doherty, 731 So.2d 856, 858 (Fla. 5th DCA 1999). In this case, as in most medical malpractice cases, there is an intertwining of evidence relating to both the damage and causation issues. Bifurcation is not likely to promote convenience or judicial efficiency and because the issues of damages and causation in this case are related and necessarily have an "important bearing" on one another, a unified trial is required to affect substantial justice. See Dobress v. North Shore University Hospital, 178 Misc.2d 205, 678 N.Y.S.2d 870, 871 (1998).
Petition for Writ of Certiorari GRANTED; Order to Bifurcate QUASHED.
PETERSON and ORFINGER, JJ., concur.
NOTES
[1] § 766.106, Fla. Stat.