SAWAYA, J.
We consider a Petition for Writ of Cer-tiorari that seeks review of an order rendered in a wrongful death action arising out of a tragic and fatal plane crash that took the lives of all on board the doomed aircraft. That order bifurcates the issues of liability and damages and actually orders that the damage issues be tried first. Although it is not specifically stated in the order, it appears that the separate trials will be conducted before different juries.
The trial judge explained the reason for his ruling when he declared, “I guess I’m prepared to gamble that the decision on the damages is likely to resolve all or at least some of the liability that will shorten the judicial time that I need to spend.” We will not permit the rights and liabilities of the parties to these proceedings to be determined by the luck of the draw or a roll of the dice. In the instant case, that determination should only be made by proper administration of the rules of evidence and trial procedure before a fair and impartial jury impaneled to resolve, in the following order, the issues of whether the defendants breached the applicable standard of care or warranty, whether that breach caused the plaintiffs’ damages, and what those damages are. See § 768.19, Fla. Stat. (2002); Jenkins v. W.L. Roberts, Inc., 851 So.2d 781 (Fla. 1st DCA 2003). In this manner, all parties will receive a fair trial and an appellate court will not be prevented from properly and adequately reviewing any claimed error that affects the judgment ultimately rendered. See Rooss v. Mayberry, 866 So.2d 174, 176 (Fla. 5th DCA 2004) (observing that writ of certiorari granted to prevent improper bifurcation of liability and damage issues and to “[ejffect substantial justice”); Office of Attorney Gen. v. Millennium Commc’ns & Fulfillment, Inc., 800 So.2d 255, 257 (Fla. 3d DCA 2001) (explaining that writ of certiorari should be granted when there would be no practical way to determine on appeal from final judgment how alleged error affected outcome), review denied, 821 So.2d 298 (Fla.2002); Beekie v. Morgan, 751 So.2d 694 (Fla. 5th DCA 2000) (finding that certiorari relief appropriate when, on appeal from final judgment, it could not be determined how error affected outcome of proceedings); Maris Distrib. Co. v. Anheuser-Busch, Inc., 710 So.2d 1022, 1024 (Fla. 1st DCA 1998) (holding that bifurcation of issues and separate trials “ ‘should not be ordered unless such disposition is clearly necessary, and then only in the furtherance of justice’” (quoting Vander Car v. Pitts, 166 So.2d 837, 839 (Fla. 2d DCA 1964))); Travelers Indem. Co. v. Hill, 388 So.2d 648 (Fla. 5th DCA 1980) (determining that certiorari relief appropriate when no practical way to determine after judgment is rendered how error affected result); see also Woltin v. Richter, 761 So.2d 459 (Fla. 4th DCA 2000).
*783 We conclude that regardless whether the same or different juries are impaneled to resolve the issues in each trial, the order bifurcating the liability and damages issues, with the latter being tried first, departs from the essential requirements of the law and causes irreparable injury that cannot be remedied on appeal. Accordingly, we quash the order under review and remand this case for further proceedings consistent with this opinion.
QUASHED and REMANDED.
GRIFFIN and COHEN, JJ., concur.