535 So.2d 655 (1988)
HARDEE MANUFACTURING CO. and Harsco Corp., Appellants,
v.
John JOSEY and Ruth Josey, Appellees.
Nos. 88-10, 88-20.
District Court of Appeal of Florida, Third District.
December 20, 1988.
Dixon, Dixon, Nicklaus, Valle & McIntosh and William R. Wicks, III, Miami, for appellants.
Anderson, Moss, Russo & Cohen, Daniels and Hicks and Elizabeth Koebel Clarke and Patrice A. Talisman, Miami, for appellees.
Before HUBBART and FERGUSON, JJ., and SCOTT, ROBERT, Associate Judge.
PER CURIAM.
John Josey, plaintiff, while operating a small pick-up truck, rear-ended another truck which was hauling one of the defendant's dump trailers. In finding the defendants twenty-five percent liable, the jury apparently agreed with the plaintiffs' expert that faulty rear light configurations on the trailer combined with inclement weather and negligence on the part of John Josey to cause the accident.
The defendants' first contention in this appeal from a jury verdict is that the court abused its discretion in denying a motion to bifurcate the issues of liability and damages. *656 It is suggested that in a case such as this where (1) a jury is likely to be influenced by sympathy owing to the nature of the injury, i.e., severe brain damage, and (2) the issue of liability is very close, fairness dictates that the liability issue be tried separately.
We are persuaded by the plaintiffs' response that an abuse of discretion is not shown here since factors concerning the cause and nature of the injuries would, unavoidably, have been adduced at a separate trial on liability. The general rule, applicable here, is that a trial judge's exercise of discretion on a severance question will not be disturbed absent a clear showing of abuse. School Bd. of Broward County v. Surette, 394 So.2d 147 (Fla. 4th DCA), rev. dismissed, 399 So.2d 1146 (Fla. 1981). There is no showing of an abuse of discretion and no other reversible error is demonstrated by the five remaining points on appeal.
AFFIRMED.