RAMIREZ, J.
This is a petition for a writ of certiorari in which Frank V. Reilly contests an “Order on Reilly Roche, LLP’s Motion for Sanctions against David J. Val-dini, Esquire.” Instead of assessing sanctions against Valdini, the trial court imposed sanctions in the amount of $500 against Reilly. We deny the petition, finding that the order is not an appealable final order because it does not contain any words of finality, such as “for which let execution issue.”
“The applicable standard of review [by certiorari of a contempt order] is whether the challenged order (1) constitutes a departure from the essential requirements of the law; (2) causes material injury throughout the remainder of the proceedings below; and (3) causes injury that is irreparable, as it effectively leaves no adequate remedy at law.” Boby Express Co. v. Guerin, 930 So.2d 842, 843 (Fla. 3d DCA 2006) (citing Allstate Ins. Co. v. Langston, 655 So.2d 91 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983)). Reilly has not adequately explained why he has no adequate remedy on appeal once the sanction order is reduced to a final judgment. Although we are sympathetic to the argument that a motion to impose sanctions against Valdini could not result in sanctions against Reilly without a motion or notice to him, we must deny certiorari without prejudice.
Certiorari denied.