987 So.2d 161 (2008)
Albert Forsyth SOLARI, et al., Appellants,
v.
ZUBLIN CHILE INGENIERIA Y CONSTRUCCIONES, etc., et al., Appellees.
No. 3D07-3033.
District Court of Appeal of Florida, Third District.
July 16, 2008.
*162 Ferrell Law and Milton M. Ferrell, Jr., and George G. Mahfood, and Carlos A. Nunez-Vivas, Miami, for appellants.
Aballi Milne Kalil & Escagedo, and Hendrik G. Milne, Carlos F. Osorio, and Renee Rubinstein for appellees, Zublin; Garbett, Stiphany, Allen & Roza and David S. Garbett; Cohen, Chase, Hoffman & Schimmel and Robert M. Sondak, Miami, for appellee, TotalBank.
Before SUAREZ, ROTHENBERG, and LAGOA, JJ.
SUAREZ, J.
Appellants, defendants below, Albert Forsyth Solari, Fadia Daneri de Forsyth, Dagwood Services Company, Ltd., and Deutsche Ingenieurs und Projekt Gesellschaft, Ltd., (collectively "Forsyth Group"), seek to reverse the trial court's non-final order denying their Motion to Dismiss the Amended Complaint based on forum non conveniens and denying their Motion to Sever Zublin's claims against TotalBank. We affirm. The trial court correctly denied the motion on procedural grounds and did not abuse its discretion in denying the motion to sever.
Appellee Zublin Chile Ingenieria y Construcciones Ltda. a Chilean corporation, and its Peruvian subsidiary, Zublin Chile Ingenieria y Construcciones Ltda. Sucursal Peru (collectively, "Zublin"), filed suit against the company's Peruvian attorney, Albert Forsyth, the Forsyth Group and Florida-chartered TotalBank in Miami-Dade County Circuit Court. Zublin alleges that Albert Forsyth, Forsyth's wife, and several high-ranking Zublin executives conspired to steal more than twelve million dollars from Zublin Peru by submitting fraudulent invoices. It is alleged that when Zublin Peru paid for nonexistent goods and services, the funds were channeled through TotalBank in Miami and ultimately distributed to banks abroad. The Forsyth Group, but not TotalBank, moved to dismiss based on forum non conveniens under Florida Rule of Civil Procedure 1.061, and to sever Zublin's claims against TotalBank from those against the Forsyth Group. The Zublin plaintiffs and co-defendant TotalBank objected. After *163 discovery on the issue and an evidentiary hearing, the trial court denied both the motion to dismiss on forum non conveniens grounds and the motion to sever.
The trial court correctly denied the motion to dismiss on procedural grounds. Florida Rule of Civil Procedure 1.061 states that the trial court shall not dismiss for forum non conveniens unless all nonmoving defendants stipulate that the action will be treated in the new forum as if it had been filed on the same date it was filed in Florida. Fla. R. Civ. P. 1.061. If all non-moving defendants do not agree, the trial court cannot dismiss.[1] Nothing in Kinney System, Inc. v. Continental Insurance Co., 674 So.2d 86 (Fla.1996), or Rule 1.061, requires a non-moving, objecting defendant to stipulate. Baranek v. Am. Optical Corp., 941 So.2d 1214, 1219 (Fla. 4th DCA 2006). TotalBank is a non-moving, objecting defendant. It refused to stipulate under the rule. Accordingly, a forum non conveniens dismissal could not be granted by the trial court.
The Forsyth Group claims that the trial court also erred in not granting its motion to sever the claim against TotalBank. We disagree. The trial court does have discretion to order separate trials for any claim, crossclaim, counterclaim, or third-party claim. Fla. R. Civ. P. 1.270(b); Maris Distrib. Co. v. Anheuser-Busch, Inc., 710 So.2d 1022 (Fla. 1st DCA 1998). Florida courts have found it improper to sever claims when the facts underlying the claims of the respective parties are inextricably interwoven. See Plantation Vill., Ltd. v. Aycock, 617 So.2d 729, 732 (Fla. 2d DCA 1993). The claims by Zublin all revolve around the same inextricably interwoven factsthat the Forsyth Group of individuals conspired to steal money from Zublin in Peru and in the United States and that those funds were channeled through TotalBank to accounts outside of the United States. "The general rule ... is that a trial judge's exercise of discretion on a severance question will not be disturbed absent a clear showing of abuse." Hardee Mfg. Co. v. Josey, 535 So.2d 655, 656 (Fla. 3d DCA 1988). The record below reflects that the trial court did not abuse its discretion when it denied the motion to sever.
Affirmed.
NOTES
[1] The Committee Notes regarding the 2000 amendments to Florida Rule of Civil Procedure 1.061 specifically state that subdivision (b) of that rule was amended to clarify that all of the defendants, not just the moving defendants, must agree to the stipulations required by subdivision (c) as well as any additional stipulations required by the trial court before an action may be dismissed based on forum non conveniens.