994 So.2d 478 (2008)
BETHANY EVANGELICAL COVENANT CHURCH OF MIAMI, FLORIDA, INC., et al., Petitioners,
v.
Donna J. CALANDRA, etc., et al., Respondents.
Nos. 3D08-1171, 3D08-1172.
District Court of Appeal of Florida, Third District.
November 5, 2008.
*479 Peter A. Miller, Coral Gables; Robert S. Glazier, Miami; Wilson, Elser, Moskowitz, Edelman & Dicker, Michael A. Sastre, and Russell M. Pfeifer, Miami, for petitioners.
Freud, Schwartz & Nunez, Michael J. Schwartz; Nuell & Posky, Stephen S. Nuell, Miami, for respondents.
Before GERSTEN, C.J., and RAMIREZ, J., and SCHWARTZ, Senior Judge.
GERSTEN, C.J.
Bethany Evangelical Covenant Church of Miami, Florida ("local church"), the Southeast Conference of the Evangelical Covenant Church of America, Inc., ("regional church"), and Evangelical Covenant Church, Inc., ("national church") (or collectively "church entities") seek certiorari review of an order severing claims based on respondeat superior and negligent hiring and retention. We grant the petition and reverse.
Donna Calandra ("Calandra") filed suit, on behalf of herself and her minor child, against a teacher, his supervisor and the local church. She alleged that the teacher of the local church school engaged in inappropriate and offensive contact with the minor child. The claims against the local church were based on respondeat superior and negligent hiring and retention.
Calandra subsequently amended her complaint to add similar claims against the regional church and the national church. Based on Calandra's motion, the trial court severed the claims against the regional church and the national church from the claims against the local church and the other defendants.
The church entities assert that the trial court abused its discretion in severing the claims because they arise from a single injury and are inextricably interwoven. Calandra contends the claims against the regional church and the national church are separate and distinct from the claims against the local church and the other defendants. Thus, Calandra contends the trial court did not abuse its discretion in severing the claims. We agree with the church entities.
Florida Rule of Civil Procedure 1.270(b) authorizes a trial court to order separate trials or severance of claims. The decision to sever is normally within the trial court's discretion. Travelers Express, Inc. v. Acosta, 397 So.2d 733, 737 (Fla. 3d DCA 1981). Because of the increased possibility of inconsistent verdicts, however, the trial court should carefully consider ordering separate trials. 397 So.2d at 737.
Where the facts and issues underlying the claims are intertwined, the trial court should conduct a single trial. See e.g., Rooss v. Mayberry, 866 So.2d 174 (Fla. 5th DCA 2004); Maris Distrib. Co. v. Anheuser-Busch, Inc., 710 So.2d 1022 (Fla. 1st DCA 1998). Here, the claims all arise from allegations of a single injury and it makes sense to try them together. As the Honorable Justice William Orville Douglas once said, "common sense often makes good law." Peak v. U.S., 353 U.S. 43, 46, 77 S.Ct. 613, 1 L.Ed.2d 631 (1957).
Accordingly, we grant the petition for writ of certiorari, quash the order granting severance, and remand for further proceedings consistent with this opinion.
*480 Petition granted, order quashed, and cause remanded.