SALTER, J.
 

 A general contractor, ACT Services, Inc., and its surety, The American Insurance Company (AIC), seek a writ of certio-rari regarding a trial court order severing for separate trials the School Board of Miami-Dade County’s claims against the petitioners. Because the issues and facts involved in each set of claims overlap and are intertwined, we grant the petition and vacate that portion of the order severing the claims for separate trials.
 

 From commencement in mid-2006 through early 2009, the underlying lawsuit (by the School Board as plaintiff) proceeded as a garden variety set of claims regarding the construction of an elementary school. ACT Services filed third-party claims against various subcontractors, and a typical set of cross-claims for indemnification and breach followed as well. Nonbinding arbitration was unsuccessful. In April 2009, the School Board noticed the case for trial. Shortly after that, it filed a notice of status conference in which it requested the entry of “a scheduling order severing its breach of contract claim against AIC from the other claims at issue.” The School Board sought to proceed against the surety, AIC, in the first trial, with the apparent goal that all other claims and cross-claims could then be sorted out among the other parties in a second, separate trial. AIC, ACT, and a sub
 
 *452
 
 contractor objected to severance, asserting that the severance as proposed by the School Board would result “in a multiplicity of trials, issues, and repetition regarding the facts and circumstances surrounding the claims of [the School Board].” The School Board’s request was heard by the trial court at the status conference, and the trial court entered an order which, among other things, granted the School Board’s request for separate trials pursuant to Florida Rule of Civil Procedure 1.270(b). The order specified that a separate trial of the School Board’s claim against AIC as surety would be scheduled, but it also provided that “ACT Services, Inc. shall be permitted to participate in the trial to present defenses to Plaintiffs Complaint.”
 

 We exercise our discretion to grant certiorari review only when there has been a departure from the essential requirements of law or a failure to afford procedural process; if the former, the departure from the essential requirements of law must constitute a “violation of a clearly established principle of law resulting in a miscarriage of justice.”
 
 Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889 (Fla.2003). The problem with the severance of claims against the surety from claims against the contractor is that those claims clearly overlap and are intertwined. Allowing the contractor’s witnesses (in the trial of the claims against the surety) to “participate in the trial to present defenses” is tantamount to a combined trial rather than a severance.
 
 [1]
 

 In
 
 Bethany Evangelical Church v. Calandra,
 
 994 So.2d 478 (Fla. 3d DCA 2008), we granted a petition for certiorari for similar reasons. In that case, a parent sued a church school teacher, the local church itself, a regional church organization, and the national church organization. The parent moved for severance and separate trials of the claims against the teacher and local church from those against the regional and national church organizations. We found an abuse of discretion and significant harm in the form of an increased possibility of inconsistent verdicts, granted the writ, and held that “where the facts and issues underlying the claims are intertwined, the trial court should conduct a single trial. Here, the claims all arise from allegations of a single injury and it makes sense to try them together.”
 
 Id.
 
 at 479 (internal citations omitted).
 

 In its response to the petition, the School Board has urged us to “affirm that portion of the Order which separates the main trial of the School Board against AIC on its breach of surety bond claim from all of the indemnification claims,” and then “reverse only that portion of the trial court’s Order that prevents the third party defendants from presenting their individual defenses to the School Board’s claims of construction defects, with instructions to the trial court to enter an Amended Order allowing those parties to participate fully in the main trial to raise those specific defenses, as is the case with ACT.”
 
 [2]
 
 We
 
 *453
 
 decline to assume procedural direction of the case as invited. We vacate only the challenged portion of the order of September 23, 2009 (paragraph 1), the provision which granted the School Board’s request for separate trials of the claims against AIC and those against ACT Services and the third-party defendants.
 

 The trial court retains complete discretion to sever certain claims from others, but only to the extent that this can be done without trying intertwined issues of responsibility and causation twice and running the resulting risk of inconsistent verdicts. That is normally difficult to accomplish, of course, in a construction case.
 

 Petition granted.
 

 [1]
 

 . The School Board's response to the petition states that it also does not object to the third-party subcontractors' and third-party individual indemnitors' participation in the main trial “solely to present their defenses to the School Board's claim of incomplete and defective construction work.” In a footnote, the School Board also explains that by participating in the trial against the surety, ACT "will be included in the verdict form and bound by the judgment."
 

 [2]
 

 . Indeed, the School Board has even supplied a proposed amended paragraph for us to "instruct the trial court” to use as a replacement for the paragraph of the challenged order severing claims for separate trial. Not even in the case cited for our supposed authority to issue such a directive,
 
 Nelson v. Wakulla
 
 
 *453
 

 County,
 
 985 So.2d 564 (Fla. 1st DCA 2008), do we find an appellate court providing specific editorial corrections to a trial court's order on certiorari review.