RAMIREZ, J.
Dimitidos Georgos Kavouras a/k/a Dimi-tri Kavoura seeks certiorari review of an order severing equitable and legal claims and setting a bench trial followed by a jury trial in a minority shareholder’s suit for breach of fiduciary duties. We grant the petition because the order departs from the essential requirements of law, leaving the petitioner with no remedy on appeal.
Dilig M. Jagasia, a purported minority shareholder of Mario City Restaurant Corporation, sued Kavouras, majority shareholder of the corporation, for breach of fiduciary duties. Jagasia claims that Ka-vouras diverted millions of dollars from Mario City for his personal benefit. After amendments, Jagasia’s complaint included claims for: (1) constructive trust on behalf of Mario City; (2) accounting on behalf of Mario City; and (3) damages on his own behalf. Both parties agree that the facts underlying all three claims are interrelated.
The constructive trust and accounting claims are equitable, while the damages claim is an action at law. The trial court severed the constructive trust and accounting claims from the damages claim. The trial court also ruled that the equitable claims would be tried by the court first and the damages claim would be tried later by a jury. In a petition for writ of certio-rari, Kavouras contends that the trial court’s order is a departure from the essential requirements of law which cannot be remedied on appeal. We agree.
When a nonfinal order from a trial court departs from the essential requirements of law and cannot be remedied on appeal, this Court has certiorari jurisdiction. See Banc of Am. Inv. Servs., Inc. v. Barnett, 997 So.2d 1154, 1157 (Fla. 3d DCA 2008). Certiorari is an appropriate remedy for orders severing or bifurcating claims which involve interrelated factual issues because severance risks inconsistent outcomes. ACT Servs., Inc. v. Sch. Bd. of Miami-Dade Cnty., 29 So.3d 450, 453 (Fla. 3d DCA 2010); Bethany Evangelical Covenant Church of Miami, Fla., Inc. v. Ca-landra, 994 So.2d 478, 479 (Fla. 3d DCA 2008). Moreover, it is well settled that where mixed equitable and legal claims are presented on interrelated facts, the trial court first must have a jury decide the case so as to preserve the parties’ right to a jury trial. See, e.g., Yer Girl Tera Mia v. Wimberly, 962 So.2d 993, 996 (Fla. 5th DCA 2007); Billian v. Mobil Corp., 710 So.2d 984, 992 (Fla. 4th DCA 1998); Marshall v. Sprecher, 559 So.2d 1280, 1281 (Fla. 2d DCA 1990); Vine v. Scarborough, 517 So.2d 726, 728 (Fla. 3d DCA 1987).
Appellees contend that in this case there is no irreparable injury because there is no risk of inconsistent verdicts. This argument, however, ignores the reality of the situation. In the constructive trust claim, the plaintiff asks the court to declare a trust for corporate funds which Kavouras allegedly misdirected. To do this, the trial court first must determine that Kavouras misdirected corporate funds. In the damage claim, the plaintiff alleges he was injured as a result of Kavouras’ misappropriation or misdirection of corporate funds. Therefore, the jury must determine that Kavouras misapplied or misdirected corporate funds before it can award any damages. The facts required to prove a misappropriation or misdirection of funds are the same for the separate claims. Thus, separate trials create a risk of inconsistent *215 findings regarding whether Kavouras misapplied or misdirected corporate funds.
Because the danger here is the same as that in ACT Services and Calandra, we grant the petition for writ of certiorari, quash the trial court’s order severing and ordering separate trials, and remand the cause for a jury to determine the findings of facts and liability.
Petition granted, order quashed, and cause remanded with instructions.
CORTINAS, J., concurs.