NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JESSICA Y. CHOI,                          )
                                          )
            Petitioner,                   )
                                          )
v.                                        )          Case No. 2D16-4642
                                          )
AUTO-OWNERS INSURANCE                     )
COMPANY and HALEY P. BEUTLER,             )
                                          )
            Respondents.                  )
_____)

Opinion filed August 16, 2017.

Petition for Writ of Certiorari to the Circuit
Court for Hillsborough County; Elizabeth G.
Rice, Judge.

Kristin A. Norse of Kynes, Markham &
Felman, P.A., Tampa; and Joseph Bryant
and A. Crosby Crane of Morgan & Morgan,
Tampa, for Petitioner.

Michael L. Forte of Rumberger, Kirk &
Caldwell, P.A., Tampa, for Respondent Auto-
Owners Insurance Company.

No appearance for remaining Respondent.


SILBERMAN, Judge.

            The underlying action is an automobile negligence action filed by Jessica

Y. Choi against alleged tortfeasor Haley P. Beutler and Choi's underinsured motorist

(UM) insurance carrier, Auto-Owners Insurance Company. Choi seeks certiorari review of an order granting Auto-Owners' motion to sever the causes of action against the two defendants. We conclude that because all three claims were inextricably interwoven, the circuit court departed from the essential requirements of the law by granting the motion to sever. Accordingly, we grant the petition.

The automobile accident occurred in September 2014. According to the amended complaint, Choi was a passenger in a car that was struck by Beutler's vehicle. Choi was seriously injured, and Beutler was underinsured. In count one, Choi sought recovery from Beutler for the injuries she suffered in the accident under a negligence theory. In count two, Choi sought UM benefits from Auto-Owners for damages she suffered in excess of the amount covered by Beutler's insurance policy. In count three, Choi sought punitive damages against Beutler based on a claim that Beutler was intoxicated to the extent her faculties were impaired at the time of the accident.

Auto-Owners filed a motion to sever the UM claim against it from the claims against Beutler in counts one and three. Auto-Owners contended that Florida's nonjoinder statute, section 627.4136(1), Florida Statutes (2014), required separate trials of Choi's claims against the tortfeasor and the UM carrier. Auto-Owners also argued it was entitled to severance under Florida Rule of Civil Procedure 1.270(b) to avoid prejudice from the jury's discovering that Choi had insurance coverage and that Beutler was intoxicated at the time of the accident. The trial court granted the motion finding "Auto-Owners' arguments to be the more logical and better reasoned view of the current state of the law and application of the rules of procedure in Florida."

"A petitioner seeking a writ of common law certiorari 'must establish (1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal.' " Rogan v. Oliver, 110 So. 3d 980, 982 (Fla. 2d DCA 2013) (quoting Parkway Bank v. Fort Myers Armature Works, Inc., 658 So. 2d 646, 648 (Fla. 2d DCA 1995)). The second and third elements are jurisdictional, and the failure to establish those elements requires dismissal of the petition without considering the merits. Id.

"Certiorari is an appropriate remedy for orders severing or bifurcating claims which involve interrelated factual issues because severance risks inconsistent outcomes." Minty v. Meister Financialgroup, Inc., 97 So. 3d 926, 931 (Fla. 4th DCA 2012) (quoting Kavouras v. Mario City Rest. Corp., 88 So. 3d 213, 214 (Fla. 3d DCA 2011)). Choi's claims against Auto-Owners and Beutler involve more than interrelated factual issues. In seeking recovery under the UM benefits available to her, Choi has in essence the same cause of action against her UM insurer, Auto-Owners, that she has against the underinsured tortfeasor, Beutler, for damages for bodily injury. See State Farm Mut. Auto. Ins. Co. v. Kilbreath, 419 So. 2d 632, 634 (Fla. 1982). Thus, an order severing Choi's UM claim against Auto-Owners from her claims against Beutler may risk inconsistent outcomes and result in material injury that cannot be corrected on postjudgment appeal.

On the merits, Choi argues that the severance order departs from the essential requirements of the law because it rests on Auto-Owners' argument that the nonjoinder statute applies to require severance. However, Auto-Owners has changed its argument from that which it presented below. It no longer asserts that the nonjoinder

statute requires severance of the UM claim. Rather, it correctly recognizes that joinder is permitted under the circumstances present here. But it asserts that the trial court had the discretion to grant the motion to sever under rule 1.270(b) because the prejudice to Auto-Owners outweighs Choi's preference to have the claims tried together.

Rule 1.270(b) generally gives courts the discretion to sever claims "in furtherance of convenience or to avoid prejudice." However, it is well-settled that it is a departure from the essential requirements of the law to sever claims that are inextricably interwoven based on the risk of inconsistent verdicts. See Rocket Grp., LLC v. Jatib, 174 So. 3d 576, 576 (Fla. 4th DCA 2015); Minty, 97 So. 3d at 931; Kavouras, 88 So. 3d at 214; Bethany Evangelical Covenant Church of Miami, Fla., Inc. v. Calandra, 994 So. 2d 478, 479 (Fla. 3d DCA 2008); Maris Distrib. Co. v. Anheuser-Busch, Inc., 710 So. 2d 1022, 1024 (Fla. 1st DCA 1998). Thus, to the extent the trial court relied on rule 1.270(b) to support its decision, it was a departure from the essential requirements of the law.

Furthermore, we note that severance would not avoid prejudice to Auto-Owners arising from the claims against Beutler. First of all, the jury would still learn that Choi had insurance coverage in the severed UM action against her insurer. Second, the jury would also learn that Beutler was intoxicated at the time of the accident in the severed UM action. As we stated previously, Choi's cause of action against Auto-Owners for damages arising from Beutler's negligence is at heart the same as her cause of action against Beutler. While Choi need not establish entitlement to punitive damages in her action against Auto-Owners, the facts regarding Beutler's alleged intoxication will be relevant to the issue of fault if Auto-Owners challenges liability, as it

- 4 -

asserts it will.  See Frazee v. Gillespie, 124 So. 6, 9-10 (Fla. 1929) (holding that the intoxication of a driver may be a basis for liability for injuries sustained as a result of an accident if the accident was caused by a negligent or wrongful act that resulted from being intoxicated).

In conclusion, the trial court departed from the essential requirements of the law by granting the motion to sever three inextricably interwoven claims.  We therefore grant the petition for certiorari and quash the order granting Auto-Owners' motion to sever.

Petition granted; order quashed.


CASANUEVA and MORRIS, JJ., Concur.