IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

MARTINIQUE CONDOMINIUMS, INC.,

      Petitioner,

 v.

                               Case No.  5D17-1546

MICHAEL  P. SHORT, KATHY M.
SHORT AND PKC ROOFING, INC.
D/B/A WAYNE'S ROOFING & SHEET
METAL,

      Respondents.

_____/

Opinion filed December 1, 2017

Petition for Certiorari Review of Order
from the Circuit Court for Volusia  County,
Christopher A. France, Judge.

Derek J. Angell, of O'Connor & O'Connor,
LLC, Winter Park, for Petitioner.

David A. Monaco and John N. Bogdanoff,
of The Carlyle Appellate Law Firm, Orlando,
for Respondents, Michael P. Short and
Kathy M. Short.

No Appearance for Respondent, PKC
Roofing, Inc. d/b/a Wayne's Roofing &
Sheet Metal.


PER CURIAM.

      Martinique Condominiums, Inc. ("Martinique") seeks certiorari review of an order

granting Michael and Kathy Short's ("Shorts") motion to sever Martinique's third-party

action against PKC Roofing, Inc., d/b/a Wayne's Roofing & Sheet Metal ("Wayne's Roofing") from the main action. Concluding that the Shorts' claim for damages as alleged in their complaint filed against Martinique and Martinique's third-party claim against Wayne's Roofing are inextricably interwoven, we grant the petition and quash the order.

The Shorts own a condominium unit in a condominium complex operated and maintained by Martinique. The Shorts filed suit against Martinique, alleging various causes of action that, at their core, assert that they have sustained damages due to a leak in the roof of the building where their unit is located. The Shorts contend that this leak was proximately caused by Martinique's breach of its contractual, statutory, or common law duty owed to the Shorts to properly repair and maintain the roof. Martinique answered the complaint and, as one of its affirmative defenses, alleged that the damages complained of by the Shorts resulted from "actions or inactions of third parties over which [Martinique] has no control, nor any right of control, including Wayne's Roofing."

Martinique later filed a third-party action against Wayne's Roofing, asserting causes of action for common law indemnity and contribution, among others. In its third-party complaint, Martinique alleged that in 2005, it hired Wayne's Roofing to construct a roof on the subject condominium complex and that over the subsequent years, Wayne's Roofing had performed regular maintenance and repair work on the roof. Martinique further alleged that Wayne's Roofing is an independent contractor over which Martinique exercised no direct control or supervision over the means and methods of roof installation, repair, and maintenance and to the extent that Martinique is ultimately found liable for damages to the Shorts, its liability is the result of the actions or inaction of Wayne's Roofing.

The Shorts filed a motion to sever the third-party action from their main action, arguing that the third-party action was significantly affecting the orderly presentation of their case and was unfairly delaying the resolution of their claims against Martinique. However, at that time, no party had filed a notice requesting that the court set the case for trial nor did there appear to be any record impediment from any party doing so. The trial court entered the unelaborated order now under review granting the motion.

A party seeking certiorari relief "must establish (1) a departure from the essential requirements of law, (2) resulting in material injury for the remainder of the trial (3) that cannot be corrected on postjudgment appeal." *Choi v. Auto-Owners Ins. Co.*, 224 So. 3d 882, 883 (Fla. 2d DCA 2017) (quoting *Rogan v. Oliver*, 110 So. 3d 980, 982 (Fla. 2d DCA 2013)). Although Florida Rule of Civil Procedure 1.270(b) provides courts with the discretion to sever claims "in furtherance of convenience or to avoid prejudice," certiorari is an appropriate remedy for orders severing claims that involve interrelated factual issues because of the risk of inconsistent verdicts. *Minty v. Meister Financialgroup, Inc.*, 97 So. 3d 926, 931 (Fla. 4th DCA 2012) (quoting *Kavouras v. Mario City Rest. Corp.*, 88 So. 3d 213, 214 (Fla. 3d DCA 2011)).

Here, by allowing the main action to remain severed from the third-party action, there is a clear risk of inconsistent verdicts. The jury in the main action could find that Martinique is liable to the Shorts for damages because Martinique breached its duty owed to the Shorts to repair or maintain the roof, yet, in the third-party action, a second jury, based on similar evidence presented regarding the installation, repair, and maintenance of the roof, may reach an entirely different result and conclude that there was no breach of any duty in the installation, maintenance, or repair of the roof. Under these

3

circumstances, Martinique would have sustained a material injury that cannot be remedied on a postjudgment appeal.

Accordingly, because Martinique has demonstrated that the trial court departed from the essential requirements of the law by severing claims that involve inextricably related factual issues, *see Choi*, 224 So. 3d at 884, we grant the petition for certiorari and quash the order.

PETITION GRANTED; ORDER QUASHED.

COHEN, C.J., LAMBERT and EISNAUGLE, JJ., concur.