# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-4911

_____

US BANK NATIONAL
ASSOCIATION, as Trustee for
CSFB Heat 2006-7,

     Petitioner,

     v.

JASON TRANUMN and D'HONOUR
TRANUMN,

     Respondents.

_____

Petition for Writ of Certiorari—Original Jurisdiction.

January 2, 2018

WINOKUR, J.

The Petitioner, US Bank National Association (US Bank), challenges the circuit court's "Final Judgment in the Amount of $80,587.17" (Final Judgment). This Court found that the Final Judgment is not an appealable non-final order due to pending counterclaims. Therefore, US Bank filed a petition for writ of certiorari requesting that the Final Judgment be quashed because the trial court: 1) severed the Respondents' counterclaims, even though they were inextricably intertwined with their affirmative defenses; 2) granted relief that was not pled; 3) engrafted a "face-to-face" meeting requirement into the Note and Mortgage as a condition precedent to foreclosure; 4)

issued a money judgment that purports to be immediately executable, even though the proceedings below are not final because of a pending counterclaim; and 5) issued a judgment granting attorneys' fees directly in favor of the Respondents' counsel and refused to permit US Bank to offset that judgment against its money judgment. We grant US Bank's petition, and write to address the trial court's severance of the Respondents' counterclaims.

I.

On March 31, 2006, Respondents, D'Honour Tranumn and Jason S. Tranumn (the Tranumns), executed a promissory note and mortgage for property located in Duval County. US Bank has the right to enforce the mortgage. In June 2010, the Tranumns were notified that their mortgage was in default due to non-payment of their November 2009 installment, as well as subsequent monthly installments and late fees. The Tranumns paid an $11,835.32 reinstatement fee and the mortgage was taken out of foreclosure. The reinstatement fee made the mortgage current, and the next payment was due in July 2010. However, the Tranumns missed their July payment and subsequently defaulted again on their mortgage. The Tranumns received a letter dated August 15, 2010, indicating that they would have to pay $4,615.10 by September 14, 2010, in order to prevent immediate acceleration, as well as foreclosure. The Tranumns made no further payments.

Consequently, US Bank filed a complaint against the Tranumns to foreclose on the mortgaged property. US Bank alleged that the Tranumns owed a principal balance of $176,402.03, plus interest. The Tranumns filed Amended Answers, Affirmative Defenses, and Counterclaims.

At a bench trial, US Bank elicited testimony that the principal balance owed by the Tranumns was $176,402.03, and the total amount owed including interest, fees, and taxes was $237,509.68. After US Bank and the Tranumns rested, the trial court inquired as to any pending counterclaims. Tranumns' counsel stated that a prior judge had dismissed a jury trial demand for the counterclaims with prejudice. Counsel for US

Bank then began to speak on the issue, but was cut off by the trial court:

> [US BANK]: If I may, they're inextricably intertwined with the affirmative defenses raised—

> THE COURT: Well, that's the reason—we don't handle—when a counterclaim is filed in a foreclosure action, we bifurcate the cases. We keep the foreclosures. The counterclaim goes to the civil division judges that this case is assigned to.

> We go forward on the foreclosure unless he enters the stay order staying the foreclosure proceeding because it's integrated into the counterclaim. But I'm just asking that. I'm not addressing that.

> Do you have any other witnesses?

> [TRANUMNS]: No, I do not.

> THE COURT: Okay. So we're concluded with the testimony?

> [TRANUMNS]: Yes, sir.

The trial court stated that it was going to deny US Bank the relief of foreclosure. However, the trial court found that the Tranumns owed US Bank monthly payments from August 2010 through June of 2014. The trial court did not immediately issue a money judgment in favor of US Bank, but rather reserved jurisdiction and ordered both parties to communicate and finalize the amount owed by the Tranumns to US Bank. The trial court also reserved ruling on the issue of awarding attorneys' fees to the Tranumns as the prevailing party.

The trial court entered an order finding that US Bank was entitled to a money judgment in the amount of $80,587.17 and that the Tranumns' defense counsel, Schuler & Lee, P.A., was entitled to $33,441.75 in attorneys' fees and costs. In addition, the order denied US Bank's request to offset both judgments and awarded the attorneys' fees directly to Schuler & Lee, P.A.

3

Accordingly, the trial court entered a "Final Judgment in the Amount of $80,587.17" in favor of US Bank. It also filed a "Money Judgment In Favor of Schuler & Lee, P.A. Against Plaintiff" in the amount of $33,441.75.

US Bank filed a timely Notice of Appeal of both of the judgments entered by the trial court.[*] On October 19, 2016, this Court found that the Final Judgment was not an appealable non-final order due to a pending counterclaim, and granted US Bank's request for the Court to invoke its certiorari jurisdiction to review the Final Judgment.

II.

The Constitution of the State of Florida grants authority for a District Court of Appeal to grant a petition for writ of certiorari. Art. V, § 4, Fla. Const. Florida Rule of Appellate Procedure 9.130(a)(3) limits the types of non-final orders that can be appealed to a District Court of Appeal. As a result, a party may petition for certiorari review of non-final orders that are not appealable under Rule 9.130(a)(3). *Keck v. Eminisor*, 104 So. 3d 359, 364 (Fla. 2012). However, in order to qualify for certiorari review, "[t]he order must depart from the essential requirements of law and thus cause material injury to the petitioner throughout the remainder of the proceedings below, effectively leaving no adequate remedy on appeal." *Martin-Johnson, Inc. v. Savage*, 509 So. 2d 1097, 1099 (Fla. 1987), *superseded by statute on other grounds*, § 768.72, Fla. Stat. (1989).

The material injury element needed for certiorari review requires a showing of "irreparable harm." *Martin-Johnson, Inc.*, 509 So. 2d at 1099. This Court has found that "the time, trouble, and expense of an unnecessary trial are not considered 'irreparable injury.'" *State v. Lozano*, 616 So. 2d 73, 75 (Fla. 1st DCA 1993). Similarly, whether a court departed from the

---

[*] This case only deals with the "Final Judgment in the Amount of $80,587.17." A separate direct appeal of the "Money Judgment in Favor of Schuler & Lee, P.A. Against Plaintiff" is pending before this Court. *US Bank v. Tranumn, et al.*, Case No. 1D16-2577.

4

essential requirements of law requires something more than just a legal error. *See Williams v. Oken*, 62 So. 3d 1129, 1133 (Fla. 2011) (noting that "[o]nce the district court has granted the petition for writ of certiorari . . . 'the district courts of appeal should not be as concerned with the mere existence of legal error as much as with the seriousness of the error'" (quoting *Haines City Cmty. Dev. v. Heggs*, 658 So. 2d 523, 528 (Fla. 1995))).

This Court has already found that the Final Judgment is not an appealable non-final order due to the pending counterclaims. As a result, the question before this Court is whether the Final Judgment constitutes a departure from the essential requirements of law causing US Bank irreparable harm with no adequate remedy on appeal.

## III.

The rules of civil procedure address severance of claims as follows: "The court in furtherance of convenience or to avoid prejudice may order a separate trial of any claim, crossclaim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, crossclaims, counterclaims, third-party claims, or issues." Fla. R. Civ. P. 1.270(b). Florida courts have found that "[c]ertiorari is an appropriate remedy for orders severing or bifurcating claims which involve interrelated factual issues because severance risks inconsistent outcomes." *Kavouras v. Mario City Rest. Corp.*, 88 So. 3d 213, 214 (Fla. 3d DCA 2011). Similarly, this Court, in granting certiorari relief, has held that "[i]t is improper to sever a counterclaim and affirmative defenses from the plaintiff's claim, when the facts underlying the claims of the respective parties are inextricably interwoven." *Maris Distrib. Co. v. Anheuser-Busch, Inc.*, 710 So. 2d 1022, 1024 (Fla. 1st DCA 1998); *see also Yost v. Am. Nat. Bank*, 570 So. 2d 350, 353 (Fla. 1st DCA 1990).

## IV.

The Tranumns argue that US Bank, by failing to make a contemporaneous objection to the court's severance of the counterclaims and affirmative defenses, did not preserve this issue for review. "Generally, a petitioner cannot raise in a petition for writ of certiorari a ground that was not raised below."

5

*First Call Ventures, LLC v. Nationwide Relocation Servs., Inc.*, 127 So. 3d 691, 693 (Fla. 4th DCA 2013). *See also Hernando HMA, LLC v. Erwin*, 208 So. 3d 848, 849 (Fla. 5th DCA 2017). However, an issue may be preserved without a contemporaneous objection if "it appears from the record that the trial court may have interrupted a proper objection." *Nieves v. State*, 678 So. 2d 468, 470 (Fla. 5th DCA 1996).

US Bank attempted to address the issue of severance when the trial court stated that the counterclaim and affirmative defenses would be severed from the foreclosure action. However, the trial court cut off US Bank before counsel could raise an objection. Notwithstanding the interruption, US Bank was able to state that the counterclaims and affirmative defenses were inextricably intertwined with the foreclosure action. Logically, such a statement would have preceded an objection to said severance if not for the trial court's interruption. Thus, for purposes of US Bank's petition, we find that the issue has been preserved.

The decision in *Minty v. Meister Financial Group, Inc.*, 97 So. 3d 926 (Fla. 4th DCA 2012), is particularly useful in analyzing US Bank's petition. In *Minty*, a lender brought suit against a borrower and their counsel for violating a mortgage refinance loan agreement. *Id.* at 928. The borrower filed counterclaims alleging that the lender engaged in misconduct respecting the loan agreement. *Id.* at 929. The court entered an order severing the borrower's counterclaims. *Id.*

The Fourth District treated the lender's appeal of the severance order as a petition for writ of certiorari, and found that the severance order departed from the essential requirements of the law because the borrower's claims were inextricably intertwined with the lender's claims. *Id.* at 931. "[I]f we allow the borrower's affirmative defenses and counterclaims to remain severed, then a final judgment in the lender's favor on its claim will moot the borrower's affirmative defenses and counterclaim, leaving the borrower no adequate remedy on appeal." *Id.*

In this case, the Tranumns' affirmative defenses and counterclaims are inextricably intertwined with US Bank's foreclosure claim. The affirmative defenses include claims of

6

failure to comply with conditions precedent, intentional misrepresentation, and unclean hands. In addition, the three pending counterclaims allege intentional misrepresentation, violations of the Fair Debt Collections Practices Act, and violation of the Florida Consumer Collection Practices Act. Both the affirmative defenses and counterclaims arise from the mortgage executed by the Tranumns. Therefore, they are inextricably intertwined with the foreclosure proceedings.

Consistent with the holdings of *Kavouras* and *Minty*, the severance of the Tranumns' counterclaims and affirmative defenses leaves US Bank with no adequate remedy on appeal. It is true that the final judgment here is in favor of the lender, which is different from the procedural posture of *Minty*, where the borrowers appealed the severance of their counterclaims. However, the rationale is the same—the severance of counterclaims that are inextricably intertwined with a plaintiff's claim risks disparate adjudication of issues which may lead to unequal outcomes that render the counterclaims moot. As a result, the trial court's severance of the Tranumns' counterclaims and affirmative defenses constitutes irreparable harm.

Moreover, an unequal outcome is not the only irreparable harm facing US Bank. US Bank filed a complaint against the Tranumns for defaulting on their mortgage. They sought foreclosure as a remedy. The trial court denied foreclosure and instead issued a money judgment in its favor. Furthermore, the trial court denied US Bank the ability to levy against the property, even in an effort to collect on the Final Judgment. Thus, US Bank was denied the remedy it sought. By issuing its Final Judgment, while a counterclaim is pending, US Bank has no remedy on appeal to challenge the trial court's ruling. US Bank is effectively stripped of its right to foreclosure since appeal is not possible. This also constitutes irreparable harm.

V.

The trial court departed from the essential requirements of the law when it severed the Tranumns' counterclaims and affirmative defenses from US Bank's foreclosure complaint causing irreparable harm. Therefore, we grant US Bank's petition for writ of certiorari and quash the trial court's Final

7

Judgment. We remand the case with instructions to try all claims together.

RAY and BILBREY, JJ., concur.

––––––––––––––––––––––––––––––

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

––––––––––––––––––––––––––––––

Michael K. Winston and Dean A. Morande of Carlton, Fields, Jorden, Burt, P.A., West Palm Beach, for Petitioner.

Brian J. Lee of Schuler & Lee, P.A., Jacksonville, for Respondents.