# Third District Court of Appeal

## State of Florida

Opinion filed November 12, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D20-0839
Lower Tribunal No. 15-3087
_____


**Cristiano Piquet, et al.,**
Petitioners,

vs.

**Clareway Properties Limited, et al.,**
Respondents.


A Writ of Certiorari to the Circuit Court for Miami-Dade County, Martin Zilber, Judge.

The Bobadilla Law Firm, and D. Fernando Bobadilla, for petitioners.

Boies Schiller Flexner LLP, and Carlos M. Sires (Fort Lauderdale), for respondents.


Before FERNANDEZ, LINDSEY, and MILLER, JJ.

LINDSEY, J.

Petitioners (defendants below) Cristiano Piquet and Jade Office, LLC seek certiorari review of an order granting Respondent (plaintiff below) Clareway Properties Ltd.'s motion to sever Piquet and Jade's counterclaims and denying their motion to consolidate the underlying action with a prior pending action. We grant the petition and quash the order because some of the counterclaims are inextricably intertwined with the claims alleged in Clareway's Complaint.[1]

## I.    INTRODUCTION

In addition to Clareway, Respondents herein are Luis Pedro Miranda Pinto ("Pinto Sr."); Pedro Pinto ("Pinto Jr."); Spectrum Realty Group, LLC ("Spectrum"); Rodolfo Manzon ("Manzon"); Paul Mcrae ("Mcrae Sr."); and Blaine Mcrae ("Mcrae Jr."). These other Respondents are defendants in a prior pending action in which Piquet and Piquet Realty are the plaintiffs: Piquet Realty, LLC and Cristiano Piquet v. Luis Pedro Miranda Pinto, Pedro Pinto, Spectrum Realty Group, LLC, Rodolfo Manzon, Paul Mcrae and Blaine Mcrae, Case No. 14-13200-CA-01 (the "First Action"). The underlying action giving rise to the petition before us is Clareway

---

[1] We express no opinion as to the merits of any of the claims alleged by either party or the potential remedies below with respect to these claims following entry of this opinion.

Properties Limited v. Cristiano Piquet and Jade Office, LLC, Case No. 15-03087-CA-01 (the "Instant Action").[2]

## II.     BACKGROUND

In its two-count Complaint filed below, Clareway sued Piquet individually for breach of contract and both Piquet and Jade for conspiracy to breach.  According to the Complaint, the contract at issue is a Membership Interest Purchase Agreement (the "Agreement") executed by Pinto Sr., on behalf of Clareway, and by Piquet, individually.  Piquet owned 100% of the membership units of Jade, a Florida limited liability company. Pursuant to the Agreement, Clareway purchased a 20% membership interest in Jade.  Jade owned a Brickell Bay Drive condominium unit, which was sold.  The Agreement provided that upon the sale of the condominium unit, Piquet would pay Clareway "the greater of twenty percent (20%) or $600,000 from the net proceeds[.]"  The Complaint alleges Piquet did not pay Clareway the amount due under the Agreement.

In response to the Complaint, Piquet and Jade filed an Amended Answer and Amended Counterclaim (the "Amended Counterclaim").[3]  In addition to asserting

---

[2] By order of the Administrative Judge in the Circuit Civil Division, both cases are assigned to the same lower court division and, as such, the same judge is presiding over both cases.

[3] We note that although in the Instant Action, both Piquet and Jade are identified in specific counts in the Amended Counterclaim as suing various counter-defendants in certain individual counts, Jade is neither listed as a counter-plaintiff in the caption

3

claims against Clareway, the Amended Counterclaim asserts claims against six additional counter-defendants: Pinto Sr., Pinto Jr., Spectrum, Manzon, Mcrae Sr., and Mcrae Jr.

According to the Amended Counterclaim, Piquet founded Piquet Realty, a luxury real estate firm in Miami. Piquet was the sole member and 100% owner of Piquet Realty. A mutual friend introduced Piquet and Pinto Sr., who allegedly is the principal of, and controls, Clareway. This introduction led to a business relationship and eventually to the execution of the Agreement. In addition, this introduction led to a more personal relationship wherein Pinto Sr. asked Piquet, as a personal favor, to hire his son, Pinto Jr., a student attending the University of Miami. Pinto Jr., through his internship, had access to Piquet Realty's computer infrastructure and electronic and physical data, data which Piquet claims he spent over 17 years amassing and compiling.

The Amended Counterclaim further alleges the Pintos lured valued employees away from Piquet Realty to launch Spectrum, a competing real estate business, and began soliciting former clients of Piquet Realty. The launch of Spectrum was allegedly facilitated by Pinto Jr. as a result of having unlawfully downloaded files

_____

of the case nor in the introductory language in the Amended Counterclaim. However, for purposes of our analysis, it is irrelevant because, whether in the Complaint or in the Amended Counterclaim, Piquet is a named party in every count in which Jade is a named party.

4

from Piquet Realty's computer system during his internship. Further, Mcrae Sr., on behalf of Spectrum and in conspiracy with other counter-defendants, allegedly made defamatory statements about Piquet and Piquet Realty.

As a result of the foregoing, Piquet and Jade asserted claims against Pinto Jr. and Clareway for fraud in the inducement and fraud with respect to the Agreement. Piquet also asserted claims against Clareway for breach of the Agreement and, alternatively, for breach of implied duty of good faith and fair dealing. Finally, Piquet asserted several claims against Manzon and Mcrae Sr. for defamation and claims against all the counter-defendants for conspiracy.

The lower court dismissed Piquet's counterclaims against Clareway for breach of contract and for breach of the implied duty of good faith and fair dealing, leaving Piquet's counterclaims for fraud in the inducement, fraud, conspiracy, and defamation. Thereafter, Clareway moved to sever the Amended Counterclaim, and Piquet moved to consolidate the Fist Action with the Instant Action. The lower court granted the motion to sever and denied the motion to consolidate.[4] This petition followed.

---

[4] The parties focus their arguments on the portion of the trial court's order granting Clareway's motion to sever. In its Response, Clareway states it has "no opposition to the consolidation of Piquet's severed Amended Counterclaim and his Third Amended Complaint in the Prior Action."

5

## III. JURISDICTION

The Florida Constitution gives authority to a District Court of Appeal to grant a petition for writ of certiorari. Art. V, § 4, Fla. Const. An order granting a motion to sever is not an appealable non-final order under Florida Rule of Appellate Procedure 9.130, so a petition for writ of certiorari is the appropriate avenue to seek review of such an order. See Ludeca, Inc. v. Alignment & Condition Monitoring, Inc., 276 So. 3d 475 (Fla. 3d DCA 2019) ("Certiorari is an appropriate remedy for orders severing or bifurcating claims which involve interrelated factual issues because severance risks inconsistent outcomes." (quoting Kavouras v. Mario City Rest. Corp., 88 So. 3d 213, 214 (Fla. 3d DCA 2011))); Choi v. Auto-Owners Ins. Co., 224 So. 3d 882, 884 (Fla. 2d DCA 2017) ("[T]he trial court departed from the essential requirements of the law by granting the motion to sever three inextricably interwoven claims. We therefore grant the petition for certiorari and quash the order granting Auto–Owners' motion to sever."); Kavouras, 88 So. 3d 213 (granting petition for writ of certiorari and quashing order granting motion to sever).

## IV. STANDARD OF REVIEW

A party seeking certiorari review must demonstrate (1) that the contested order results in material injury in the proceedings that cannot be corrected on post-judgment appeal and (2) that the order departs from the essential requirements of the law. Nader v. Fla. Dept. of Highway Safety & Motor Vehicles, 87 So. 3d 712, 721

6

(Fla. 2012). "[T]he Florida Supreme Court has repeatedly emphasized that '[a] finding that the petitioning party has "suffered an irreparable harm that cannot be remedied on direct appeal" is a 'condition precedent to invoking a district court's certiorari jurisdiction.'" Damsky v. Univ. of Miami, 152 So. 3d 789, 792 (Fla. 3d DCA 2014) (quoting Bd. of Trustees of Internal Improvement Trust Fund v. Am. Educ. Enters., LLC, 99 So. 3d 450, 454 (Fla. 2012)). Departure from the essential requirements of law must constitute a "violation of a clearly established principle of law resulting in a miscarriage of justice." ACT Servs. v. Sch. Bd., 29 So. 3d 450, 452-53 (Fla. 3d DCA 2010) (quoting Allstate Ins. Co. v. Kaklamanos, 843 So. 2d 885, 889 (Fla. 2003)).

## V.    ANALYSIS

We begin with the recognition that

> [A] petition for writ of certiorari is not an appeal. It is an original action seeking an extraordinary writ. It differs from an appeal in many ways. Among other things, the standard of review governing a petition for certiorari is much higher than the standard governing an appeal of right.

Damsky, 152 So. 3d at 791-93 (Fla. 3d DCA 2014). Certiorari review is limited because "piecemeal review of nonfinal trial court orders will impede the orderly

7

administration of justice and serve only to delay and harass." Citizens Prop. Ins. Corp. v. San Perdido Ass'n, 104 So. 3d 344, 348-49 (Fla. 2012).

Florida Rule of Civil Procedure 1.270(b) generally gives courts the discretion to sever claims "in furtherance of convenience or to avoid prejudice." The decision to sever is normally within the trial court's discretion. Travelers Express, Inc. v. Acosta, 397 So. 2d 733, 737 (Fla. 3d DCA 1981). But severing claims that are inextricably intertwined is a departure from the essential requirements of the law due to the risk of inconsistent verdicts. Choi, 224 So. 3d at 884.

In determining the probability of inconsistent verdicts, courts should consider whether the finding of liability in one case will necessarily be preclusive of a potential finding in the other case, the degree of factual similarity between the claims, the relationship of various plaintiffs or defendants to the claims, and whether reasonable persons could return each of the possible verdicts. Travelers, 397 So. 2d at 737 n.6.

In Minty v. Meister Financial Group, Inc., 97 So. 3d 926 (Fla. 4th DCA 2012), the court quashed a lower court order granting severance of a borrower's affirmative defenses and counterclaims from a lender's claims. The court reasoned:

> The parties' claims are inextricably interwoven because the borrower's affirmative defenses and counterclaims allege the lender committed misconduct regarding the loan agreement. Accordingly, if we allow the borrower's affirmative defenses and counterclaims to remain severed, then a final judgment in the lender's favor on its claim will

8

> moot the borrower's affirmative defenses and counterclaim, leaving the borrower no adequate remedy on appeal. Thus, we grant the petition and quash the severance order.

Id. at 932.

The reasoning here is the same. Piquet's counterclaims for fraud in the inducement, fraud, and conspiracy are inextricably intertwined with Clareway's claims for breach of the Agreement and conspiracy to breach the Agreement because Piquet's claims are premised on the Agreement. Piquet's counterclaims for fraud in the inducement, fraud, and conspiracy allege that Clareway committed misconduct regarding the Agreement. Because Piquet counterclaims are inextricably intertwined with Clareway's claims for breach of the Agreement, they should not have been severed from the Clareway action.

Although Piquet's counterclaims against the other counter-defendants for defamation and conspiracy arise from additional facts, the lower court's order should still be quashed. This is because neither party has requested that the we sever, or not sever, any individual counterclaims. Rather both argue in favor of, or against, severance of the entire Amended Counterclaim. Further, this Court's authority, on certiorari review, is limited to quashing the lower court's order. See, e.g. Broward County v. G.B.V. Int'l, Ltd., 787 So. 2d 838, 845 (Fla. 2001) ("Once the district court granted certiorari and quashed the circuit court order . . . the district court's job was ended."); Tamiami Trial Tours, Inc. v. R.R. Com., 174 So. 451, 454 (1937)

9

("The appellate court has no power when exercising its jurisdiction in certiorari to enter a judgment on the merits of the controversy under consideration, nor to direct the respondent to enter any particular order or judgment."); Nat'l Advertising Co. v. Broward County, 491 So. 2d 1262, 1263 (Fla. 4th DCA 1986) ("A court's certiorari review power does not extend to directing that any particular action be taken, but is limited to denying the writ of certiorari or quashing the order reviewed"); Gulf Oil Realty Co. v. Windhover Ass'n, 403 So. 2d 476, 478 (Fla. 5th DCA 1981) ("On appeal, an appellate court has authority to reverse an order or judgment and remand with directions or instructions for the trial court to follow. However, after review by certiorari, an appellate court can only quash the lower court order; it has no authority to direct the lower court to enter contrary orders.").

## VI.    CONCLUSION

For the reasons expressed above, we grant Piquet's petition for writ of certiorari and quash the order on review severing the Amended Counterclaim from the Complaint and denying consolidation of the Instant Action with the First Action.[5]

---

[5] See supra note 4.

10