# Third District Court of Appeal

## State of Florida

Opinion filed November 18, 2020.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D19-2068
Lower Tribunal No. 19-1769
_____

**James N. Glover, Jr., et al.,**
Petitioners,

vs.

**Francisco Vasallo, et al.,**
Respondents.

A Writ of Certiorari to the Circuit Court for Miami-Dade County, Daryl E. Trawick, Judge.

Josef Timlichman Law, PLLC, and Josef Timlichman, for petitioners.

Blanck & Cooper P.A., and Jonathan S. Cooper, for respondent Francisco Vasallo.

Before FERNANDEZ, HENDON and LOBREE, JJ.

LOBREE, J.

James N. Glover, Jr. ("Glover") petitions for certiorari review of the trial

court's order granting the motion to sever the operative complaint's replevin count for separate trial filed by Francisco Vasallo ("Vasallo"). Because factual and legal issues underlying the severed count are inextricably intertwined with those of other counts, we grant the petition.

According to the complaint, Glover owned a vessel and, through an agent, contracted with Mystic PowerBoats, Inc. ("Mystic") to find it a buyer in Florida. Between November, 2018 and January, 2019, Mystic allegedly forwarded a blank bill of sale and contract to Glover for his signature, which he provided. Subsequently, Mystic made representations to Glover that there was a potential buyer for the vessel. In January, 2019, however, Mystic informed Glover that the sale fell through, "something happened," and it was no longer in possession of the vessel.

Glover then rushed to Florida, where Mystic operates, to check on the vessel's whereabouts. After confronting a third party—then storing the vessel at the behest of Vasallo—who refused to release it, Glover filed suit against Vasallo and others asserting nineteen counts, including replevin, conversion, negligence, and fraud. He first obtained a writ of replevin and regained possession of the vessel. Weeks later, Vasallo successfully petitioned the lower court to dissolve the writ, producing for the first time the bill of sale and contract, dated November 2018 and December 2018 respectively, purportedly executed by Glover and transferring title. Glover alleges

2

that these were documents that he had executed in blank and that they were finalized by Mystic and Vasallo without his knowledge. Glover then amended his complaint to aver that the documents were fraudulent and aimed to deprive him of his vessel and the proceeds. Although the operative complaint alleges one count of replevin and two counts of negligence against Vasallo, he successfully moved to sever the replevin count from the remaining two counts against him and sixteen counts against others.

"The applicable standard of review . . . is whether the challenged order (1) constitutes a departure from the essential requirements of the law; (2) causes material injury throughout the remainder of the proceedings below; and (3) causes injury that is irreparable, as it effectively leaves no adequate remedy at law." Reilly v. Design Build Interamerican, Inc., 954 So. 2d 673, 674 (Fla. 3d DCA 2007) (quoting Boby Express Co. v. Guerin, 930 So. 2d 842, 843 (Fla. 3d DCA 2006)).

Where erroneous bifurcation of causes of action results in material injury that cannot be corrected on post-judgment appeal, the jurisdictional prong of certiorari review is met. See Choi v. Auto-Owners Ins. Co., 224 So. 3d 882, 883 (Fla. 2d DCA 2017); see also Kavouras v. Mario City Rest. Corp., 88 So. 3d 213, 214 (Fla. 3d DCA 2011) ("Certiorari is an appropriate remedy for orders severing or bifurcating claims which involve interrelated factual issues because severance risks inconsistent outcomes."); ACT Servs., Inc. v. Sch. Bd. of Miami-Dade Cty., 29 So. 3d 450, 452

(Fla. 3d DCA 2010); Martinique Condos., Inc. v. Short, 230 So. 3d 1268, 1270 (Fla. 5th DCA 2017).

"Rule 1.270(b) generally gives courts the discretion to sever claims 'in furtherance of convenience or to avoid prejudice.'" Choi, 224 So. 3d at 884. Nevertheless, "it is well-settled that it is a departure from the essential requirements of the law to sever claims that are inextricably interwoven based on the risk of inconsistent verdicts." Id. "'[A] single trial generally tends to lessen the delay, expense and inconvenience to all concerned, and . . . separate trial[s] should not be ordered unless such disposition is clearly necessary, and then only in the furtherance of justice.'" Maris Distrib. Co. v. Anheuser Busch, Inc., 710 So. 2d 1022, 1024 (Fla. 1st DCA 1998) (quoting Vander Car v. Pitts, 166 So. 2d 837, 839 (Fla. 2d DCA 1964)). The dispositive question is whether the factual or legal issues underlying the severed claims, as alleged in the complaint, were "inextricably interwoven" or "intertwined." See Lopez v. S. Audio Visual, Inc., 278 So. 3d 843, 844 (Fla. 3d DCA 2019). Precedent employs these terms to alternatively mean that the issues are "overlap[ping]," ACT Servs., 29 So. 3d at 451, "common," Ludeca, Inc. v. Alignment & Condition Monitoring, Inc., 276 So. 3d 475, 481 (Fla. 3d DCA 2019), "interrelated," or outright the "same." Kavouras, 88 So. 3d at 214.

Counts are intertwined where they share identical or substantially similar allegations of fact or law, Kavouras, 88 So. 3d at 214, arise from allegations of a

4

single or identical injury, <u>Bethany Evangelical Covenant Church of Miami, Fla., Inc. v. Calandra</u>, 994 So. 2d 478, 479 (Fla. 3d DCA 2008), require the determination of the same facts or issues of fault, responsibility, reliance, or causation, <u>BDO Seidman, LLP v. Banco Espirito Santo Int'l</u>, 38 So. 3d 874, 882 (Fla. 3d DCA 2010); <u>US Bank Nat'l Ass'n for CSFB Heat 2006-7 v. Tranumn</u>, 247 So. 3d 567, 571 (Fla. 1st DCA 2018), or require identical or similar evidence, whether physical or testimonial, to be proven. <u>Martinique Condos.</u>, 230 So. 3d at 1270. Moreover, courts have found a single injury to underlie different counts where they are based on the same circumstances, act, or legal instrument. <u>Tranumn</u>, 247 So. 3d at 571.

As to factual intertwinement, here, several issues to be determined in adjudicating the severed replevin count are similar and, at times, identical to those of other counts. The replevin and negligence counts, to use one example, share issues and allegations of whether: Glover was the lawful owner of the vessel and entitled to possession at the time of Vasallo's purchase; Vasallo purchased, operated, and stored the vessel without title or required documentation; Vasallo had constructive or actual notice of fraud or defect in his alleged title and should have known or inquired about the vessel's true owner; the documents used and relied on by Vasallo to prove title were fraudulent and invalid; and Vasallo's use of or reliance on such fraudulent documents caused the retention of the vessel against Glover's wishes, causing damages to him. The allegation that the fraudulent documents used

in (and produced by) Vasallo's purchase caused Glover's damages is shared by the replevin count and sixteen others.

Not only are these issues similar, but most counts share allegations of an identical injury, or are connected with a similar or identical act, event, or legal instrument: the same two transactions and legal instruments executed by Vasallo and others to acquire and store the vessel. See Bethany, 994 So. 2d at 479; Tranumn, 247 So. 3d at 571. The replevin count also requires the determination of some of the same facts pertaining to issues of fault, responsibility, reliance, or causation as the remaining counts, such as the validity or falsity of the purchase documents, Vasallo's actual or constructive notice of a defect in title, and what caused the retention of the vessel by a third party and damages to Glover. See ACT Servs., 29 So. 3d at 453; Choi, 224 So. 3d at 884.

Moreover, the parties may likely rely on identical or similar evidence to prove or defend against the replevin claim as they will with regard to remaining counts, such as their testimony with regard to the purchase documents and the expectations of Glover and Vasallo, as well as the same documents, contracts, and receipts themselves, to be construed and adjudicated in both trials. See Martinique Condos., 230 So. 3d at 1270; see also Variety Children's Hosp. v. Mt. Sinai Hosp. of Greater Miami, Inc., 448 So. 2d 546, 548 (Fla. 3d DCA 1984) (noting that three actions were

6

all predicated on same transaction and same facts and same evidence would serve as basis for proof although different theories for recovery were advanced).

As to legal intertwinement, here, similar issues overlap between the replevin count and others. This is particularly obvious in the case of the conversion counts, with which the replevin count shares almost identical allegations and legal issues, primarily whether Vasallo's purchase, possession, or detention of the vessel were lawful. Generally, the "essence of the tort of conversion is the exercise of wrongful dominion or control over property to the detriment of the rights of the actual owner." Seymour v. Adams, 638 So. 2d 1044, 1046-47 (Fla. 5th DCA 1994). It can occur where a defendant "refuses to relinquish property to which another has the right of possession," which does not require a finding of malice, but can be proved by evidence of a defendant's mistaken belief that he was entitled to the property. Id. at 1047. The "essence of an action for replevin," on the other hand, "is the 'unlawful detention of personal property from plaintiff at the commencement of the action, regardless of whether defendant acquired possession rightfully or wrongfully.'" Senfeld v. Bank of Nova Scotia Tr. Co. (Cayman) Ltd., 450 So. 2d 1157, 1161 n.5 (Fla. 3d DCA 1984) (quoting Pavlis v. Atlas-Imperial Diesel Engine Co., 163 So. 515, 516 (1935)). The test of an ownership claim is no less at the essence of replevin than it is of conversion. See 66 Am. Jur. 2d Replevin § 1 (2019). Here, the gist of both theories is to similarly test Glover's right of possession.

The potential duplicity of factual or legal findings on the substantially similar issues discussed above could result in one proceeding mooting the other, which precludes severance. See Minty v. Meister Financialgroup, Inc., 97 So. 3d 926, 931 (Fla. 4th DCA 2012) (where borrower's affirmative defenses and counterclaims alleged lender committed misconduct regarding loan agreement, severing them ensured final judgment in lender's favor on its claim "will moot the borrower's affirmative defenses and counterclaim, leaving the borrower no adequate remedy on appeal"); Solari v. Zublin Chile Ingenieria Y Construcciones, 987 So. 2d 161, 163 (Fla. 3d DCA 2008) (affirming denial of severance where claims all revolved around same inextricably interwoven facts—that group of individuals conspired to steal money from Zublin). Accordingly, the trial court departed from the essential requirements of law by granting the motion to sever the replevin count. We therefore grant the petition and quash the order granting Vasallo's motion to sever.

Petition granted.